WEST v CYRIL J BURKE, INC

Docket No. 68296. Submitted January 4, 1984, at Detroit.—Decided
September 5, 1984. Leave to appeal applied for.

Raymond West, a pipefitter employed by Robert Carter Corpora-
tion (RCC), had his hand crushed while he was helping to
unload bundles of pipes from a truck. At the time of the
accident, he was standing on top of the pipes, directing the
operator of a mobile crane, and hooking the load line of the
crane to the bundles of pipes. His hand became caught between
the load line and the end of the crane's boom and was crushed.
West and his wife, Carroll West, filed suit against Cyril J.
Burke, Inc., the owner of the mobile crane, in Wayne Circuit
Court alleging that Burke was liable under the owner's liability
section of the Motor Vehicle Code for the negligent operation of
the crane by RCC, which had leased the crane. Burke filed a
third-party complaint against RCC, seeking indemnification.
RCC agreed to take over the defense of the suit against Burke.
The matter was submitted to mediation, after which the media-
tors found Burke liable for $15,000 and RCC liable for $50,000.
RCC and plaintiffs agreed to the award but Burke rejected it.
Following trial, the jury returned a verdict in favor of Ray-
mond West in the amount of $75,000, reduced by 45% due to
the jury's finding that West was 45% negligent. Carroll West's
claim for loss of consortium was denied. The court, James E.
Mies, J., denied defendant's motion for judgment notwithstand-
ing the verdict and/or a new trial. Defendant appeals the
finding of liability and the award of attorney fees to plaintiff.
Plaintiffs cross-appeal the jury's findings of comparative negli-
gence on the part of Raymond West and of no damages as to
Carroll West. *Held:*

The trial court erred in denying defendant's motion for

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 7A Am Jur 2d, Automobiles and Highway Traffic § 665 *et seq.*
Who is "owner" within statute making owner responsible for injury
or death inflicted by operator of automobile. 74 ALR3d 739.
What constitutes "operation" or "negligence in operation" within
statute making owners of motor vehicle liable for negligence in
its operation. 13 ALR2d 378.

judgment notwithstanding the verdict and/or a new trial when it found, as a matter of law, that the crane which injured Raymond West was a motor vehicle for purposes of the owner's liability provision of the Motor Vehicle Code and that liability attached to defendant under the terms of that statute. The statute does not apply where the vehicle is not being used as a motor vehicle or is not being driven at the time of the occurrence of an injury.

Reversed.

T. M. BURNS, J., dissented. He would hold that the owner's liability statute includes within its scope stationary motor vehicles and that the majority placed undue emphasis upon the statutory requirement that the motor vehicle must be driven at the time of the injury before the owner can be liable. He would hold that the requirement that the vehicle be driven at the time of the injury pertains only to the "driven without consent" exception to the general rule that the owner is liable for injury occasioned by the "negligent operation" of a motor vehicle. He would find that the owner's liability statute applies to this case and would affirm the trial court's denial of defendant's motion for a directed verdict.

OPINION OF THE COURT

1. AUTOMOBILES — LIABILITY OF OWNER OR OPERATOR — CONSTRUCTION EQUIPMENT.

The section of the Motor Vehicle Code which pertains to civil liability of owners and operators of motor vehicles does not apply to a situation where a mobile crane was being used as a piece of stationary construction equipment at the time of injury; the statute requires that the vehicle be driven with the owner's consent and driven at the time of the injury for liability to attach (MCL 257.401; MSA 9.2101).

DISSENT BY T. M. BURNS, J.

2. AUTOMOBILES — NEGLIGENCE — LIABILITY OF OWNER OR OPERATOR.

The owner of a motor vehicle is liable for any injury occasioned by the negligent operation of the motor vehicle unless the vehicle is being driven without his or her express or implied consent or knowledge (MCL 257.401; MSA 9.2101).

3. AUTOMOBILES — NEGLIGENCE — LIABILITY OF OWNER OR OPERATOR — CONSTRUCTION EQUIPMENT.

The section of the Motor Vehicle Code which pertains to civil liability of owners and operators of motor vehicles applies to a situation where a mobile crane was being used as a piece of

*stationary construction equipment at the time an injury oc-
curred; the statutory requirement that the vehicle be driven at
the time of injury applies only to the exception exempting the
owner from liability where the vehicle is driven without the
owner's permission; the general rule states that the owner or
operator of a motor vehicle is liable for any injury occasioned
by the negligent operation of the vehicle (MCL 257.401; MSA
9.2101).*

*Kelman, Loria, Downing, Schneider & Simpson*
(by *Nicholas J. Rine),* for plaintiffs.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Mi-
chael F. Schmidt),* for defendant.

Before: J. H. GILLIS, P.J., and T. M. BURNS and
R. E. ROBINSON,* JJ.

PER CURIAM. This suit arises out of an injury
that occurred on February 26, 1979, to the plaintiff
Raymond West while he was employed by the
Robert Carter Corporation and performing work at
Ford Motor Company's Rouge complex. Plaintiffs'
amended complaint alleged that Cyril J. Burke,
Inc., and/or Burke Rental Service was the owner
of a mobile crane and was liable to the plaintiffs
for the negligent operation of the crane by the
Robert Carter Corporation, to which the crane was
leased.

A third-party complaint filed against the Robert
Carter Corporation by Burke on October 29, 1980,
alleged that the Robert Carter Corporation, plain-
tiff's employer, was liable to Burke for indemnity.
That complaint was amended pursuant to an order
of the court dated April 10, 1981, to include five
counts, all alleging indemnity. At the time of trial,
the Robert Carter Corporation agreed to take over

* Former circuit judge, sitting on the Court of Appeals by assign-
ment.

the defense of Cyril J. Burke, Inc., and plaintiff stipulated to dismiss Burke Rental Service as a defendant.

This matter proceeded to trial in September, 1982, on the theory that Robert Carter Corporation employees were negligent in the operation of the crane and that Cyril J. Burke, Inc., was liable for such negligent operation under the owner's liability statute, MCL 257.401; MSA 9.2101. The jury returned a verdict in favor of plaintiff Raymond West in the amount of $75,000. This award was reduced by plaintiff's comparative negligence, found by the jury to have been 45%. The jury found against plaintiff Carroll West on her loss of consortium claim. On November 12, 1982, the trial court denied defendant's motion for judgment notwithstanding the verdict and/or a new trial.

Prior to trial, this matter was mediated. The mediators awarded $15,000 against the primary defendants, Cyril J. Burke, Inc., and Burke Rental Service, and $50,000 against third-party defendant Robert Carter Corporation. The Robert Carter Corporation accepted the mediation award, as did the plaintiffs, but Burke rejected it. The defendant appeals the court's finding of liability and the award of attorney's fees. The plaintiffs cross-appeal the jury's findings of comparative negligence on the part of Raymond West and of no damages as to Carroll West.

Raymond West, hereinafter referred to as plaintiff, was a pipefitter. At the time of the accident, he was working with a mobile crane which consisted of a truck-type vehicle having four tires with a crane boom approximately 30 feet long mounted on top of it. The operator controlled the crane function from a control station located at the left center of the vehicle.

Plaintiff's job was to assist in unloading bundles of pipe from a truck. Plaintiff was to stand on top of the bundles of pipe located on the truck. The unloading operation consisted of a sequence of events in which the mobile crane operator drove up to the truck being unloaded and extended outriggers to stabilize the mobile crane. The plaintiff's job was to attach a bundle of pipe from the truck being unloaded to the line on the boom of the mobile crane. The driver of the crane was to lift the bundle of pipe, retract the outriggers, and transport the load to a designated storage area. It was plaintiff's job to direct the operation of the crane by giving standardized hand signals to the operator. The plaintiff was approximately 20 feet away from the operator at the time of the accident.

When the accident occurred, the outriggers were down and the crane was beginning to lift a load of pipe. The plaintiff had his right hand raised to signal the crane operator to lift the load. He felt the glove on his right hand get caught between the load line and the sheave at the end of the boom. He used a standard hand signal with his left hand to signal the crane operator to stop the operation of the crane. The crane operator stopped the crane. It was a disputed issue at trial whether the plaintiff, whose right hand was caught but uninjured, then started to panic and gave an unorthodox signal to the crane operator. The plaintiff testified that he gave verbal instructions to the operator four times to let the load down. The crane operator instead took the load line up, and plaintiff's hand was run between the load line and the sheave and crushed. The plaintiff testified to undergoing surgery and a long period of therapy and having a continuing disability.

On appeal, defendant contends that the trial
court erred by denying defendant's motion for
judgment notwithstanding the verdict and/or a
new trial when it found, as a matter of law, that
the crane which injured the plaintiff was a motor
vehicle for purposes of the owner's liability stat-
ute.

We agree that the trial court erred by denying
defendant's motion.

The owner's liability statute, MCL 257.401; MSA
9.2101, reads, in total:

"Nothing herein contained shall be construed to
abridge the right of any person to prosecute a civil
action for damages for injuries to either person or
property resulting from a violation of any of the provi-
sions of this act by the owner or operator of a motor
vehicle, his agent or servant. The owner of a motor
vehicle shall be liable for any injury occasioned by the
negligent operation of such motor vehicle whether such
negligence consists of a violation of the provisions of
the statutes of the state or in the failure to observe
such ordinary care in such operation as the rules of the
common law requires. *The owner shall not be liable,
however, unless said motor vehicle is being driven with
his or her express or implied consent or knowledge.* It
shall be presumed that such motor vehicle is being
*driven* with the knowledge and consent of the owner if
it is *driven* at the time of said injury by his or her
father, mother, brother, sister, son, daughter, or other
immediate member of the family: Provided, however,
That no person, transported by the owner or operator of
a motor vehicle as his guest without payment for such
transportation shall have a cause of action for damages
against such owner or operator for injury, death or loss,
in case of accident, unless such accident shall have been
caused by the gross negligence or wilful and wanton
misconduct of the owner or operator of such motor
vehicle and unless such gross negligence or wilful and
wanton misconduct contributed to the injury, death or

loss for which the action is brought."[1] (Emphasis supplied.)

In the instant case, the crane was not being *driven* at the time the accident occurred but was being used as a piece of stationary construction equipment. As such, we hold that the statute does not apply to the instant situation. To hold otherwise is to ignore the statutory requirement that the vehicle be *driven* with the owner's consent and *driven* at the time of the injury.

We believe it is essential, in this type of case, to recognize that some vehicles, such as construction equipment, may have a dual nature. In some situations, they can be classified as motor vehicles and covered by the statute, such as where the equipment is being driven, under its own power, to or from a construction site. In other situations, such as in the instant case, where the vehicle is made stationary, and thus unable to be *driven* at all, the statute would not apply.

We express no opinion as to the correctness of the decision by this Court in *Johnston v Hartford Ins Co,* 131 Mich App 349; 346 NW2d 549 (1984).

We, therefore, reverse the decision of the trial court and hold that the owner's liability statute does not apply in the instant situation.

Our resolution of the above issue makes it unnecessary for us to address the other issues raised on appeal.

Reversed.

T. M. Burns, J., *(dissenting).* I disagree with the majority's interpretation of the owner's liability

[1] The guest passenger exception contained in this section was held to be unconstitutional as violative of the equal protection clause, Const 1963, art 1, § 2, in *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975).

statute, MCL 257.401; MSA 9.2101. The majority holds that, since the statute uses the word "driven" three times, a motor vehicle must be driven at the time an accident occurs for the statute to apply. The majority feels that "to hold otherwise is to ignore the statutory requirement that the vehicle be *driven* with the owner's consent and *driven* at the time of the injury". (Emphasis in original.) While emphasizing the word "driven", the majority ignores other portions of the statute which I believe would allow a stationary motor vehicle to be included within its scope.

The statute follows a well-recognized pattern. It states a general rule and then lists exceptions. The general rule is that the owner of a motor vehicle is liable for any injury occasioned by the negligent operation of the motor vehicle. The first exception to this rule is that the owner is not liable if the motor vehicle is being "driven" without his or her express or implied consent or knowledge. The second exception is the guest-passenger exception, which was found to be unconstitutional in *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975).

The majority errs by treating the "driven without consent" exception as part of the general rule. The original version of this statute clearly shows that this exception is not part of the general rule. Subdivision 3 of § 10, Act No. 318 of the Public Acts of 1909 stated:

"Liability of owners.—The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation by any person of such motor vehicle, whether such negligence consists in violations of the provision of a statute of this State or in the failure to observe such ordinary care in such operation as the rules of the common law require; but such owner shall

not be so liable in case such motor vehicle shall have been stolen."

In *Daugherty v Thomas,* 174 Mich 371; 140 NW 615 (1913), the Supreme Court found this stolen vehicle exception to be unconstitutional. The Court found that by using the word "stolen" the exception required proof of an intent to steal. The Court held that to limit the exception in such a manner would:

"[H]old a party absolutely liable for the negligent conduct of another, a mere stranger or a wilful trespasser, no matter how careful or free from negligence he himself has been. We think that the result of such holding would be to take the property of defendant Thomas to pay for the wrongful and negligent act of another person not sustaining to him the relation of servant, agent, or employé. Such a doctrine seems unnatural and repugnant to the provisions of the Constitution here invoked." 174 Mich 390.

The statute's current language was obviously drafted to avoid this constitutional problem. The current language, however, remains an exception to the general rule. I would, therefore, not take one word out of that exception and use it to redefine the general rule. The general rule clearly states that the owner is liable for injury occasioned by the "negligent operation" of a motor vehicle.

I also disagree with the majority because they give undue emphasis to the word "driven" while ignoring other operative words. The word "driven" is only found in the two sentences regarding the "driven without consent" exception. The general rule and the guest-passenger exception use the word "operate" instead of "driven". While the terms "operate" and "drive" are synonomous in

many situations, the term "operate" is broader since it does not require the vehicle to be in motion. As stated in *People v Pomeroy,* 88 Mich App 311, 319; 276 NW2d 904 (1979), *aff'd* 415 Mich 328 (1982):

"[W]hen called upon in other contexts to determine the scope of the term 'operate', Michigan appellate courts have not limited that term to situations where a motor vehicle was being propelled."

According to the majority's interpretation, the term "operate" should not be given its normal meaning because the word "driven" is also used. The majority's interpretation of the statute creates an unnecessary conflict. I would give the terms "operate" and "drive" their normal meanings. Considering my view, that the term "driven" is only used in an exception to the general rule, the terms are not in conflict in this statute.

In considering the facts of the instant case, I would find that the owner's liability statute is applicable. The crane clearly is a motor vehicle. *Johnston v Hartford Ins Co,* 131 Mich App 349; 346 NW2d 549 (1984). The crane also was being operated at the time of the accident. The accident occurred when the crane's operator negligently lifted a load. Since the crane was being used or employed in some specific function, or to produce some desired work or effect, it was being operated at the time of the accident. *Wells v Dep't of Corrections,* 79 Mich App 166; 261 NW2d 245 (1977); *Orlowski v Jackson State Prison,* 36 Mich App 113, 116; 193 NW2d 206 (1971). In *Orlowski* and *Wells,* this Court interpreted the owner's liability exception to governmental immunity. MCL 691.1405; MSA 3.996(105). In light of these decisions, I see no reason to rewrite the owner's liabil-

ity statute to limit it only to vehicles that are being "driven". I would affirm the trial court's denial of defendant's motion for a directed verdict. I do not discuss the other issues since they have become moot in light of the majority's holding.