POPPEN v TOVEY

Docket No. 236471. Submitted March 4, 2003, at Grand Rapids. Decided
    March 18, 2003; approved for publication April 24, 2003, at 9:00 A.M.
    Leave to appeal denied, 469 Mich ___.

    Jeffrey B. Poppen brought an action in the Kent Circuit Court against
        Willis J. Tovey, Jr., and the city of Grand Rapids, seeking damages
        for injuries sustained when the plaintiff's motor vehicle hit a water
        truck owned by the city that had been stopped, with its four-way
        emergency flashers and overhead warning lights activated, in the
        curb lane of the two travel lanes designated for southbound traffic
        on a city street, in order to allow Tovey, a city employee, to inspect
        a city-owned and maintained fire hydrant. The court, George S.
        Buth, J., granted summary disposition in favor of the defendants,
        ruling that Tovey had not acted in a grossly negligent manner and
        did not owe a duty to the plaintiff. The court also ruled that the
        plaintiff's injuries did not result from the "operation" of a govern-
        ment-owned motor vehicle for purposes of the statutory motor-
        vehicle exception to governmental immunity. The plaintiff appealed
        by leave granted.

        The Court of Appeals held:

        1. The phrase "operation of a motor vehicle" in MCL 691.1405
        means that the motor vehicle is being operated as a motor vehicle
        and, therefore, encompasses only those activities that are directly
        associated with the driving of a motor vehicle. The court properly
        found that the plaintiff's injuries did not result from the operation
        of the water truck because, once the vehicle was stopped to permit
        Tovey to inspect a public utility, its presence on the road was no
        longer directly associated with the driving of the vehicle and the
        vehicle was not being operated as a motor vehicle.

        2. The trial court correctly found that reasonable minds could
        not differ in finding that Tovey had not been grossly negligent. The
        trial court did not err in finding that MCL 257.676b imposed no
        duty on Tovey not to block the roadway or otherwise interfere with
        traffic.

        Affirmed.

GOVERNMENTAL IMMUNITY — MOTOR-VEHICLE EXCEPTION — WORDS AND PHRASES
— OPERATION OF A MOTOR VEHICLE.

The phrase "operation of a motor vehicle" in the statutory motor-vehicle exception to governmental immunity means that the motor vehicle is being operated as a motor vehicle and encompasses only those activities that are directly associated with the driving of the motor vehicle (MCL 691.1405).

*John D. Tallman* for the plaintiff.

*Philip A. Balkema,* City Attorney, and *Amy Stryker,* Assistant City Attorney, for the defendants.

Before: WHITBECK, C.J., and CAVANAGH and BANDSTRA, JJ.

PER CURIAM. In this action alleging liability by a governmental entity and its employee for negligent operation of a motor vehicle, plaintiff appeals by leave granted the trial court's order granting summary disposition in favor of defendants. We affirm.

I. BASIC FACTS AND PROCEDURAL HISTORY

This cases arises from a motor-vehicle accident in which plaintiff collided with a city of Grand Rapids water truck. It is not disputed that plaintiff struck the truck from behind while that vehicle was stopped in the curb lane of the two travel lanes designated for southbound traffic along East Paris Avenue in the city of Grand Rapids. It is similarly not disputed that, at the time of the accident, the city vehicle was sitting with its four-way emergency flashers and overhead warning lights activated, and had been stopped for a period of approximately three to five minutes in order to allow a city employee to inspect a city-owned and maintained fire hydrant.

Plaintiff, who suffered injury after being ejected from his vehicle during the crash, filed this lawsuit against both the city and the driver of the truck, defendant Willis Tovey, Jr., alleging that Tovey was grossly negligent in (1) failing to alert approaching traffic that he had blocked the curb lane by marking the area behind the truck with warning devices, and (2) blocking, impeding, obstructing, or otherwise interfering with the normal flow of traffic in violation of MCL 257.676b. The trial court granted summary disposition in favor of defendant Tovey after concluding that the undisputed facts did not establish that Tovey had acted in a grossly negligent manner in failing to mark the area behind his truck, as required for governmental-employee liability under MCL 691.1407(2). The trial court also ruled that Tovey owed plaintiff no duty under MCL 257.676b, and that summary disposition in favor of the city was similarly appropriate because plaintiff's injuries did not result from the "operation" of a government-owned motor vehicle within the meaning of MCL 691.1405, the motor-vehicle exception to the statutory immunity afforded a governmental agency by MCL 691.1407.

II. ANALYSIS

A. STANDARD OF REVIEW

Because the trial court dismissed plaintiff's claims on the basis of statutory governmental immunity, we review the motion as granted under MCR 2.116(C)(7). An order granting summary disposition under MCR 2.116(C)(7) is reviewed de novo on appeal. *Pusakulich v Ironwood*, 247 Mich App 80, 82-83; 635 NW2d 323 (2001). In reviewing the order, we must give con-

sideration to the affidavits, depositions, admissions, and other documentary evidence filed by the parties, and determine whether they indicate that defendants are in fact entitled to immunity. *Id.* If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a claim is barred by immunity is a question for the court to decide as a matter of law. *Diehl v Danuloff*, 242 Mich App 120, 123; 618 NW2d 83 (2000).

### B. PLAINTIFF'S CLAIM AGAINST THE CITY OF GRAND RAPIDS

Plaintiff first argues that summary disposition of his claim against the city of Grand Rapids was improper. Specifically, plaintiff argues that the trial court erred in concluding that his claim did not fall within the motor-vehicle exception to statutory governmental immunity because his injuries did not result from the "operation" of a government-owned motor vehicle. We disagree.

As a general rule, a governmental agency is immune from tort liability when it is "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1).[1] There are, however, several narrowly drawn exceptions to such immunity, including the motor-vehicle exception. This exception provides that a governmental agency "shall be liable for bodily injury and property damage resulting from the negligent *operation* by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405 (emphasis added).

---

[1] It is not disputed here that, at the time of the accident, defendants were engaged in the exercise of a governmental function.

Citing *Wells v Dep't of Corrections*, 79 Mich App 166; 261 NW2d 245 (1977), and *Nolan v Bronson*, 185 Mich App 163; 460 NW2d 284 (1990), plaintiff argues that for purposes of the motor-vehicle exception it is not necessary that a vehicle be in motion at the time of the injury to find that the injury resulted from "operation" of a motor vehicle. Rather, all that is necessary is that the vehicle is " 'being used or employed in some specific function or to produce some desired work or effect.' " *Nolan, supra* at 177, quoting *Wells, supra* at 169. Our Supreme Court, however, recently rejected this expansive definition of "operation" in *Chandler v Muskegon Co*, 467 Mich 315; 652 NW2d 224 (2002), determining that such a construction defines the term "so broadly that it could apply to virtually any situation imaginable in which a motor vehicle is involved regardless of the nature of its involvement." *Id.* at 321. Noting the well-established principle that the statutory exceptions to governmental immunity must be narrowly construed, the Court concluded that the phrase " 'operation of a motor vehicle' means that the motor vehicle is being operated *as* a motor vehicle" and, therefore, encompasses only those "activities that are directly associated with the driving of a motor vehicle." *Id.* at 320-321 (emphasis in original). Applying this definition to the undisputed facts of this case, we find no error in the trial court's conclusion that plaintiff's injuries did not result from "operation" of a government-owned motor vehicle. At the time of the collision, the city vehicle had been stopped for approximately three to five minutes in order to permit its passenger to inspect a public utility. Once stopped for this purpose, its presence on the road was no longer "directly

associated with the driving" of that vehicle. *Id.* at 321. Accordingly, the vehicle was not being operated "as" a motor vehicle at the time of the accident and summary disposition in favor of the city was appropriate.

### C. PLAINTIFF'S CLAIMS AGAINST DEFENDANT TOVEY

Plaintiff next argues that, because reasonable minds could differ regarding whether defendant Tovey was grossly negligent in failing to mark the area behind his truck, a material question of fact existed, precluding summary disposition of his claim against Tovey. Again, we disagree.

Governmental employees are immune from liability for injuries they cause during the course of their employment if their "conduct does not amount to gross negligence that is the proximate cause of the injury or damage." MCL 691.1407(2)(c). Gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Id.* To be the proximate cause of an injury, the gross negligence must be "the one most immediate, efficient, and direct cause of the injury or damage . . . ." *Robinson v Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000). Evidence of ordinary negligence does not create a question of fact regarding gross negligence. *Maiden v Rozwood*, 461 Mich 109, 122-123; 597 NW2d 817 (1999).

In seeking summary disposition below, defendants provided the trial court with the deposition testimony of three drivers who witnessed the accident, each of whom testified that the flashers and overhead warning lights on the truck were clearly visible from a distance sufficient to warn them of the upcoming hazard

in the roadway. Witness Linda Smith additionally testified that as she was attempting to change lanes in order to avoid the obstruction, plaintiff came "flying around" her into the curb lane, after which she watched in disbelief as plaintiff continued in that lane without slowing until striking the stopped truck. Smith's testimony was supported by that of Gaylord Schuur and Kurt Hillard, each of whom also testified regarding their disbelief as they watched plaintiff pass Smith then accelerate into the rear of the clearly visible stopped truck. Given this testimony, we conclude that the trial court correctly found that reasonable minds could not differ regarding whether Tovey's failure to employ additional warning devices or to conduct the inspection at a different time was so reckless as to demonstrate a substantial lack of concern for whether plaintiff would be injured. MCL 691.1407(2)(c). Accordingly, because there was no question of material fact surrounding the gross-negligence issue, the trial court did not err when it granted defendant Tovey summary disposition on the basis of governmental immunity.[2]

The trial court similarly did not err in finding that MCL 257.676b imposed no duty on Tovey not to block the roadway or otherwise interfere with traffic. That statute provides, in relevant part:

---

[2] Moreover, as argued by defendants, plaintiff's own deposition testimony indicates that his failure to see the stopped utility vehicle stemmed, not from the insufficiency of warning devices, but, from his following too closely behind a large civilian truck traveling in the inside lane and his attempting to pass that vehicle without a clear view of upcoming traffic in the curb lane. Such an admission belies any notion that Tovey's alleged gross negligence was "the one most immediate, efficient, and direct cause" of plaintiff's injuries. *Robinson, supra* at 462.

> A person, without authority, shall not block, obstruct, impede, or otherwise interfere with the normal flow of vehicular or pedestrian traffic upon a public street or highway in this state, by means of a barricade, object, or device, or with his or her person. This section shall not apply to persons maintaining, rearranging, or constructing public utility facilities in or adjacent to a street or highway. [MCL 257.676b(1).]

Presumably noting that the statute specifically excepts from its purview "persons maintaining . . . public utility facilities in or adjacent to a street or highway," the trial court found it inapplicable to the circumstances here. We agree with the trial court's decision in this regard despite plaintiff's contention that, because the city employee was "inspecting" rather than "maintaining" a public utility, the statute applies to impose a specific duty not to obstruct the roadway. Plaintiff's argument in this regard is merely an exercise in semantics, which may not be employed to preclude defendants from summary disposition in their favor. See, e.g., *Camden v Kaufman*, 240 Mich App 389, 397; 613 NW2d 335 (2000). In any event, even assuming that MCL 257.676b placed a duty on Tovey not to block the road, the presumption arising from its violation is merely one of ordinary negligence, not gross negligence, *Klinke v Mitsubishi Motors Corp*, 458 Mich 582, 592; 581 NW2d 272 (1998), and is insufficient to create a genuine issue of material fact preventing summary disposition. *Maiden, supra.*

We affirm.