# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 16, 2007

132164

GAILA MARIE MARTIN,
          Plaintiff-Appellant,

v

THE RAPID INTER-URBAN TRANSIT
PARTNERSHIP and CITY OF GRAND
RAPIDS,
          Defendants-Appellees.

SC: 132164
COA: 259228
Kent CC: 03-001526-NO

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

On October 4, 2007, the Court heard oral argument on the application for leave to appeal the July 11, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. MCL 691.1405 states that governmental agencies "shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." In this case, the plaintiff alleges that she slipped and fell down the steps of a shuttle bus owned and operated by the defendants as she was attempting to exit the bus. The loading and unloading of passengers is an action within the "operation" of a shuttle bus. Accordingly, the plaintiff has satisfied the exception to governmental immunity set forth in MCL 691.1405. We REMAND this case to the Kent Circuit Court for reinstatement of the order denying the defendants' motion for summary disposition, and for further proceedings not inconsistent with this order.

CORRIGAN, J., dissents and states as follows:

I respectfully dissent from the majority's peremptory order of reversal. I believe the issue presented in this case requires a fuller analysis than the majority's short order provides. In particular, we should more carefully analyze the distinction between the "operation" and "maintenance" of a motor vehicle.

Plaintiff claims that she slipped and fell on an icy or snowy step on defendant's bus. Defendant is the governmental agency that operated and maintained the bus.

Plaintiff alleges that defendant failed to install step heaters or to scrape the steps to eliminate snow and ice.

Defendant moved for summary disposition, arguing that plaintiff's allegations amounted to claims of negligent *maintenance* rather than negligent operation and, thus, that the motor vehicle exception to governmental immunity, MCL 691.1405, did not apply. The trial court denied summary disposition on this issue, but the Court of Appeals reversed. *Martin v Rapid Inter-Urban Transit Partnership*, 271 Mich App 492 (2006). Applying the definition of "operation" set forth in *Chandler v Muskegon Co*, 467 Mich 315 (2002), the Court of Appeals concluded that defendant's failure to remove ice or snow from the steps was not an activity directly associated with the driving of the bus. In other words, plaintiff's allegations amounted to a claim of negligent *maintenance* rather than negligent operation.

Plaintiff applied for leave to appeal in this Court. After hearing oral argument regarding whether to grant leave to appeal or take other peremptory action, the Court now issues an order peremptorily reversing the judgment of the Court of Appeals. The majority finds that "[t]he loading and unloading of passengers is an action within the 'operation' of a shuttle bus" and thus that the motor vehicle exception is satisfied.

I believe this question is more complex than the majority's order suggests. The motor vehicle exception, MCL 691.1405, provides: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ."

In *Chandler, supra* at 321, we held that the phrase "operation . . . of a motor vehicle" in MCL 691.1405 "encompasses activities that are directly associated with the driving of a motor vehicle." We further noted that "the Legislature clearly intended that 'operation' was distinct from . . . maintenance . . . and use." *Id*. at 320 n 7, citing MCL 550.3105.

As the Court of Appeals recognized, we stated in *Chandler* that negligent *maintenance* is distinct from negligent operation. Installing step heaters and scraping ice from steps may be maintenance activities that are distinct from "operation" under *Chandler*. Thus, it is not clear that plaintiff has established a connection between the "operation" of the bus and her injuries.

In reversing the Court of Appeals, the majority reasons that a bus is used to transport passengers, who must use the steps to get on and off the bus. But *all* motor vehicles require a means of ingress and egress. The majority does not explain why we must analyze a bus differently from other types of motor vehicles.

More fundamentally, the majority's order does not explicate the appropriate analytic framework to distinguish between "operation" and "maintenance" of a motor vehicle. Indeed, the majority's order *raises* more questions than it answers. For example, suppose that a governmental agency fails to repair a broken seat or a loose handrail on a bus. Would these omissions now constitute "operation" within the motor vehicle exception? After all, a passenger must use a seat to sit on a bus and must grasp a handrail to safely walk or stand. Thus, would the majority analyze a broken seat or a loose handrail differently than a slippery step? If not, then how would the existence of these defects arise from the negligent "operation" of the bus?

These questions arise because the majority's short order seems to conflate the *location* of the slip and fall with the *conduct* that caused it. The majority is certainly correct that a passenger must use the steps to get on and off the bus. But the question remains whether a slip and fall in this location resulted from the negligent *operation* of the bus. Negligent operation certainly *could* cause a plaintiff to fall on the steps if, for example, the driver prematurely released the brakes. In that situation, the driver's negligent operation would have caused the fall.

But that is not what occurred here. Plaintiff fell because defendant allegedly failed to remove ice and snow from the steps. The majority has not explained how such an omission constitutes *operating* the bus. This failure to distinguish the mere *location* of the fall from the *conduct* that caused it will generate confusion.

If "operation" means something more than driving, then the Court should answer the next logical question: What precisely *does* "operation" mean? Does the size of the vehicle in question define "operation"? Does "operation" include *maintenance* activities? How does the majority convey meaning to "operation" independent of the word "use" and consistent with our analysis in *Chandler*? The current order offers no answers to these questions. I predict that this order will spawn future litigation on these points.

For these reasons, in lieu of resolving this case by peremptory order, I would more fully address the appropriate analytic framework for distinguishing between operation and maintenance of a motor vehicle.

TAYLOR, C.J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 16, 2007

_____
Clerk

t1113