# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 11, 2010

140293 & (52)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

JOSETTE TUCKER, Personal Representative
of the Estate of Jeanette Collins
            Plaintiff-Appellee/
            Cross-Appellant,

v

CAPITAL AREA TRANSPORTATION
AUTHORITY a/k/a CATA,
            Defendant-Appellant/
            Cross-Appellee,

and

JERRY SLEAR and CITY OF LANSING
            Defendants.
_____/

SC: 140293
COA: 288367
Ingham CC: 07-001362-NI

On order of the Court, the application for leave to appeal the November 19, 2009 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The application for leave to appeal as cross-appellant is therefore moot and is DENIED.

CORRIGAN, J. (*dissenting*).

I would grant leave to appeal to consider defendant's argument that its bus driver was not negligent in his operation of defendant's bus. Even if, as plaintiff claims, the wheelchair lift on defendant's bus lacked a safety belt, how did this product defect constitute "negligent operation" of the bus *by the driver*, as required to satisfy the motor vehicle exception to governmental immunity, MCL 691.1405?

Defendant, the Capital Area Transit Authority (CATA), allegedly failed to provide a safety belt on a wheelchair lift on its bus. For unknown reasons, plaintiff's decedent's wheelchair went over the end of the lift while the bus was parked and while the bus

driver was not behind the wheel. Plaintiff filed this action seeking to take advantage of the motor vehicle exception.

Although this Court has held that the loading and unloading of passengers is part of the operation of a bus, *Martin v The Rapid Inter-Urban Partnership*, 480 Mich 936 (2007), the mere fact that a bus is in operation does not, by itself, satisfy the motor vehicle exception. The plaintiff must further show that the driver was *negligent* in that operation. The motor vehicle exception plainly requires a plaintiff to show that the injury "result[ed] from the *negligent* operation *by any officer, agent, or employee of the governmental agency*, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405 (emphasis added).

The statutory language thus requires us to ask: How was the bus driver negligent in his operation of the bus, and how did that negligent operation result in the decedent's injury? Even if CATA itself acquired or provided a defective product, how does this fact show that *the driver was negligent in his operation of the bus*? Because these difficult questions warrant further scrutiny, I would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 11, 2010

y0608

Clerk