*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF RITA H. HUGHES, by ROBERT D.
HUGHES, Personal Representative,

Plaintiff-Appellee,

v

CITY OF LIVONIA,

Defendant-Appellant.

UNPUBLISHED
April 30, 2019

No. 340447
Wayne Circuit Court
LC No. 16-013486-NI

Before: TUKEL, P.J., and K. F. KELLY and M. J. KELLY, JJ.

K. F. KELLY, J. (*concurring in part and dissenting in part*).

I agree with the majority that there is no question that Fobar's operation of the bus was not negligent. The fact that he simply encountered a pothole while driving does not rise to the level of a question of fact and the trial court erred finding otherwise. However, I respectfully disagree with the majority's conclusion that there was a question of fact with regard to whether Fobar negligently secured Hughes's wheelchair, or even if there is a question of fact, I do not believe that it is even relevant to the question presented here. Such a conclusion fails to narrowly apply the motor vehicle exception to governmental immunity. Because the decedent's injuries did not occur during the "operation of a motor vehicle," the City is entitled to governmental immunity. I would reverse.

Pursuant to MCL 691.1407(1), governmental agencies are immune from tort liability when they are engaged in governmental functions, subject to certain exceptions. See *Robinson v City of Lansing*, 486 Mich 1, 6; 782 NW2d 171 (2010). There is no dispute that the City is a governmental agency, or that Fobar, the city employee driving the bus owned by defendant at the time of the accident, was engaged in a governmental function. See *Cobb v Fox*, 113 Mich App 249, 257; 317 NW2d 583 (1982). Thus, defendant was immune from tort liability unless an exception applied. MCL 691.1407(1). The exception at issue in this matter is the motor vehicle exception provided in MCL 691.1405:

Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the

governmental agency, of a motor vehicle of which the governmental agency is owner, . . . .

"[I]t is a basic principle of our state's jurisprudence that the immunity conferred upon governmental agencies and subdivisions is to be construed broadly and that the *statutory exceptions are to be narrowly construed.*" *Stanton v City of Battle Creek*, 466 Mich 611, 618; 647 NW2d 508 (2002) (emphasis added).

Michigan courts have struggled with the proper interpretation of the word "operation" in the context of the motor vehicle exception because the Legislature did not offer a statutory definition for the term. It has been construed to mean "the ordinary use of the vehicle *as* a motor vehicle, namely, driving the vehicle." *Chandler*, 467 Mich at 321-322. However, the word "operation" has also been determined to encompass "activities that are directly associated with the driving of a motor vehicle." *Id*. at 321. In *Chandler*, the plaintiff, an individual who was court ordered to perform community service, was cleaning county-owned buses and trolleys at the "bus barn." *Id*. at 316. The county employee supervising the cleaning drove one of the buses into the barn, turned off the engine, started to exit through the bus doors, and the doors closed on his neck. *Id*. The plaintiff saw this happen, and pried the doors open until someone reached through the bus window to release the air pressure valve. *Id*. The plaintiff injured his shoulder, and sued the county. *Id*. This Court determined that the bus parked in the bus barn for maintenance purposes was not being operated as a motor vehicle, and reinstated summary disposition in favor of the defendant county. *Id*. at 322. The Court explained:

> In the context of a motor vehicle, the common usage of the term "operation" refers to the ordinary use of the vehicle *as* a motor vehicle, namely, driving the vehicle. In this case, the injury to plaintiff did not arise from the negligent operation of the bus as a motor vehicle. The plaintiff was not injured incident to the vehicle's operation as a motor vehicle. Rather, the vehicle was parked in a maintenance facility for the purpose of maintenance and was not at the time being operated *as* a motor vehicle. [*Id*. at 321–322.]

The Court cautioned: "we reject the Court of Appeals and the dissent's approach because their construction of 'operation' would construe the term so broadly that it could apply to virtually any situation imaginable in which a motor vehicle is involved regardless of the nature of its involvement." *Id*. at 321. I believe that the explanation of the term "operation" from *Chandler* compels that the scope of the motor vehicle exception to governmental immunity does not extend to the facts of this case.

However, I also acknowledge that in *Martin v Rapid Inter-Urban Transit Partnership*, 480 Mich 936, 936; 740 NW2d 657 (2007), the Michigan Supreme Court specifically held that "[t]he loading and unloading of passengers is an action within the 'operation' of a shuttle bus." In *Martin v Rapid Inter-Urban Transit Partnership*, 271 Mich App 492, 193-494; 722 NW2d 262 (2006), rev'd by 480 Mich 936 (2007), this Court held that the motor vehicle exception to governmental immunity did not apply to the plaintiff's claims because she was injured when she slipped and fell down the steps of a city shuttle bus. Thus, her claim was barred by governmental immunity. *Id*. at 502. The Michigan Supreme Court, however, ruled as follows:

In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. MCL 691.1405 states that governmental agencies "shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is the owner . . . ." In this case, the plaintiff alleges that she slipped and fell down the steps of a shuttle bus owned and operated by the defendants as she was attempting to exit the bus. The loading and unloading of passengers is an action within the "operation" of a shuttle bus. Accordingly, the plaintiff has satisfied the exception to governmental immunity set forth in MCL 691.1405. We REMAND this case to the Kent Circuit Court for reinstatement of the order denying the defendants' motion for summary disposition, and for further proceedings not inconsistent with this order. [*Martin*, 480 Mich at 936.] (Emphasis added.)

Assuming that this peremptory order of the Michigan Supreme Court is binding on this Court, the language in *Martin* nevertheless supports the conclusion that the City was entitled to summary disposition. Quite simply, the decedent was not injured during the loading process. In fact, she was loaded without incident and the bus operated for several minutes before her wheelchair inexplicably lost its anchoring.

The estate cites *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 435; 824 NW2d 318 (2012) for the unremarkable proposition that loading passengers constitutes the operation of a motor vehicle for purposes of the motor vehicle exception. However, like *Martin, Seldon* only confirms that the City was entitled to summary disposition. The plaintiff was ejected from her wheelchair when the bus driver applied the brakes to stop at a yellow light. *Seldon*, 297 Mich App at 432. On appeal, the defendant argued that the trial court erred in denying it summary disposition on the basis that the defendant owed the plaintiff a duty to advise her of the availability of a shoulder restraint. *Id*. This Court determined that the defendant had no legal duty to advise the plaintiff of the availability of the shoulder restraint because the bus was not equipped with restraints for all passengers, and neither federal regulations nor the defendant's internal policies required the bus driver to do so. *Id*. at 433-434.

The defendant in *Seldon* also argued that, even if it owed the plaintiff a duty to inform her of the shoulder restraint, the failure to do so did not constitute "operation" of a motor vehicle for purposes of the exception. *Id*. at 434. This Court determined:

Here, even if [the defendant] owed plaintiff a duty to inform her of the availability of a shoulder restraint, the failure to so advise her did not implicate MCL 691.1405. Although the loading and unloading of passengers is an activity within the operation of a motor vehicle, the failure to inform plaintiff that a shoulder restraint was available, without more, did not constitute the "operation" of the motor vehicle. Notably, plaintiff's wheelchair was loaded onto the bus and secured without incident, and plaintiff was not injured during the loading or unloading process. Thus, the motor vehicle exception to governmental immunity was inapplicable, and the trial court erred by denying [the defendant's] motion for summary disposition based on governmental immunity. [*Id*. at 435.]

*Seldon* is directly on point. Here, the decedent was loaded onto the bus without incident. She was not injured during the loading or unloading process. As such, the motor vehicle exception to governmental immunity is inapplicable and the trial court in this case erred by denying the City summary disposition based on governmental immunity.

Again, exceptions to governmental immunity are to be construed narrowly, *Stanton*, 466 Mich at 618, no matter how tragic the injury.

I would reverse with instructions to enter summary disposition in the City's favor.

/s/ Kirsten Frank Kelly