*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

JON SNYDER, Personal Representative of the
ESTATE OF CHRISTINA CAROLINE SNYDER,

      Plaintiff-Appellee,

v

CHARLES EDWARD HORN, LINDA LORRAINE
HORN, and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants,

and

CITY OF YPSILANTI,

      Defendant-Appellant.

UNPUBLISHED
August 22, 2024

No. 367210
Washtenaw Circuit Court
LC No. 19-000769-NI

---

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO*, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. In my view, this case is controlled by *Martin v Rapid Inter-Urban Transit Partnership*, 480 Mich 936; 740 NW2d 657 (2007), a case the majority fails to address and which either implicitly overruled or sharply limited the effect of *Chandler v County of Muskegon*, 467 Mich 315; 652 NW2d 224 (2002) and *Poppen v Tovey*, 256 Mich App 351; 664 NW2d 269 (2003), the two cases relied on by the majority.

In *Martin*, the plaintiff claimed that she was injured when she slipped and fell on bus steps while exiting and alleged that the failure to remove ice and snow from the steps constituted negligent operation. The trial court denied summary disposition but this Court reversed relying on *Chandler* and holding that the failure to clear the steps was a failure of maintenance and did not constitute negligent operation. The Supreme Court reversed our decision and reinstated the case. It held that even though the bus in question was stationary, "[t]he loading and unloading of

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

passengers is an action within the 'operation' of a shuttle bus." *Id*. In other words, whether or not the vehicle was being driven at the moment of injury was not controlling. Indeed, the condition of the steps would seem to have no connection to driving the bus or interaction with other motor vehicles on the road. Rather, the issue was whether the use of the vehicle was "an action within the operation of" a shuttle bus. See also*, Strozier v Flint Community Schools*, 295 Mich App 82; 811 NW2d 59 (2011).

In this case, the defendant's fire engine was blocking the right lane on I-94, a major highway with vehicles operating at 70 mph. The fire truck did not just happen to be "parked" there nor had it ceased operation. Rather, it was engaged in an activity well within its scope of operation – attending to accident victims and placing the vehicle in a manner intended to shield the accident scene from oncoming traffic.

I would therefore affirm the trial court's denial of summary disposition and remand for further proceedings.[1]

/s/ Douglas B. Shapiro

---

[1] The second issue, whether there was a question of fact regarding negligence was not reached by the majority. As to that issue, I would hold that the evidence presented by the plaintiff, including the testimony of its expert that the firetruck should have been on the shoulder and not in a travel lane, established a question of fact.