*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBIN OVEN,

UNPUBLISHED
December 18, 2024
11:08 AM

Plaintiff-Appellant,

v

No. 366939

DEPARTMENT OF CORRECTIONS,

Ingham Circuit Court
LC No. 20-000606-CD

Defendant-Appellee.

Before: BORRELLO, P.J., and MALDONADO and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals as of right the Ingham Circuit Court's order granting summary disposition in favor of defendant Michigan Department of Corrections (MDOC) pursuant to MCR 2.116(C)(7) (immunity granted by law). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Plaintiff alleged claims against the MDOC, involving discrimination and retaliation under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, that arose out of her employment with the MDOC. Plaintiff filed her action in the Ingham Circuit Court on October 27, 2020. Plaintiff does not dispute that she did not file notice in the Court of Claims pursuant to MCL 600.6431(1), which states in relevant part that "a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies."[1]

On May 2, 2023, while the present case was pending in the circuit court, our Supreme Court issued its opinion in *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023). The Court held in *Christie* that "the notice requirements of MCL 600.6431(1) apply to all claims against

---

[1] The exception in MCL 600.6431(5) for a "claim for compensation under the wrongful imprisonment compensation act" is not at issue in the present case.

the state, including those filed in the circuit court, except as otherwise exempted in MCL 600.6431 itself." *Id*. at 45. As our Supreme Court recognized, there is an exception found in MCL 600.6431(5) that states, "This section does not apply to a claim for compensation under the wrongful imprisonment compensation act . . . ." *Christie*, 511 Mich at 45 n 7. This exception is not implicated under the facts of the instant case. Furthermore, the Supreme Court in *Christie* overruled this Court's opinion in *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020), which had held that compliance with MCL 600.6431 was not necessary for a plaintiff to proceed against a state defendant in circuit court. *Christie*, 511 Mich at 44-45, citing *Tyrrell*, 335 Mich App 254.

Returning to our discussion of the present case, the MDOC moved for summary disposition of plaintiff's claims under MCR 2.116(C)(7) on the basis of the holding in *Christie*. The trial court granted the motion and dismissed the action pursuant to *Christie*. With respect to plaintiff's argument that *Christie* should only apply prospectively, the trial court noted that our Supreme Court had not limited its holding in *Christie* to prospective application and applied that holding to another case, *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66, 71; 993 NW2d 392 (2023), which was decided on the same day as *Christie*.

Plaintiff appealed to this Court. She argued that *Christie* should be limited to prospective application and that the MDOC should be equitably estopped from "belatedly" asserting plaintiff's failure to file notice under MCL 600.6431(1).

## II. STANDARD OF REVIEW

This Court reviews "de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 482; 722 NW2d 906 (2006). "In order to avoid summary disposition pursuant to MCR 2.116(C)(7), a plaintiff must plead facts in avoidance of immunity." *Id*. "If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a claim is barred by governmental immunity is a question for the court to decide as a matter of law." *Poppen v Tovey*, 256 Mich App 351, 354; 664 NW2d 269 (2003).

## III. ANALYSIS

Plaintiff maintains on appeal that *Christie* should have only prospective, and not retroactive, effect. This Court recently held in *Flamont v Dep't of Corrections*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367863); slip op at 6, that *Christie* had full retroactive effect. "Rules determined in opinions that apply retroactively apply to all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the appellate court's] announcement of the rule[s]." *Id*. at ___; slip op at 3 (quotation marks and citation omitted; alterations in original). Even more recently, this Court held in *Landin v Dep't of Health & Human Servs*, ___ Mich App ___, ___; ___ NW3d ___ (2024); slip op at 8-9, that "*Christie* does not apply retroactively to circuit court cases that were in a procedural posture wherein *Tyrrell*'s interpretation of MCL 600.6431 was the law in Michigan during the one-year notice or filing period following accrual of a claim." In *Landin*, this Court designated these cases

-2-

to which *Christie* did not apply retroactively as "post-*Tyrrell*/pre-*Christie* cases." *Id*. at ___; slip op at 2.[2]

Here, plaintiff filed her case on October 27, 2020. As previously stated, MCL 600.6431(1) provides in relevant part that "a claim may not be maintained against this state unless the claimant, within 1 year after the claim has *accrued*, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies." (Emphasis added.) Plaintiff's discrimination claims in this case are based on actions that allegedly culminated in what she characterizes as her "constructive discharge" on October 12, 2019.[3] Thus, plaintiff's claims accrued on October 12, 2019, at the latest. See *Landin*, ___ Mich App at ___; slip op at 3 (stating that the date the plaintiff was terminated from employment was the latest date on which the plaintiff's employment discrimination claims could have accrued); see *also Mays v Governor of Mich*, 506 Mich 157, 181-182; 954 NW2d 139 (2020) (opinion by Bernstein, J.) (stating generally that for purposes of MCL 600.6431, "a claim accrues at the time the wrong upon which the claim is based was done, and this Court has clarified that the wrong . . . is the date on which the defendant's breach harmed the plaintiff, as opposed to the date on which defendant breached his duty"[;] A claim does not accrue until each element of the cause of action, including some form of damages, exists.") (quotation marks and citations omitted; ellipsis in original).[4]

---

[2] We acknowledge the call for the convening of a special panel under MCR 7.215(J)(3) to consider the conflict between *Flamont* and that of *Landin* relative to the retroactivity of *Christie* in *Toriano Hudson v Department of Corrections*, ___ Mich App ___; ___NW3d ___ (2024); slip op at 1. However, as more fully explained *infra*, it is important to note that this case does not fall within the category of cases anticipated in *Landin*. Consequently, irrespective of whether this Court decides to convene a special panel or the outcome of such a panel, this case will not be affected.

[3] Plaintiff admitted in the trial court that her separation from employment occurred on October 12, 2019 when she "took a deferred retirement." Plaintiff expressly incorporated this admission in her statement of facts in her appellate brief.

[4] We recognize that there may be some unresolved issues regarding the precise definition of "accrual" for purposes of MCL 600.6431(1). In *Bauserman v Unemployment Ins Agency*, 503 Mich 169, 184 n10; 931 NW2d 539 (2019), the Supreme Court stated:

> [W]e recognize that the Legislature used the term "accrue" in Subsection (1), MCL 600.6431(1) ("No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued . . . ."), but not in Subsection (3), which instead contains the phrase "the happening of the event giving rise to the cause of action," MCL 600.6431(3). Ordinarily, we assign significance to the Legislature's choice of different words. . . . Because the parties agree that plaintiffs' claims are governed by MCL 600.6431(3) rather than MCL 600.6431(1), we need not resolve in this case how to define the term "accrual" in the context of MCL 600.6431(1) or how that definition relates to "the happening of the event giving rise to the cause of action" under MCL 600.6431(3). [First ellipsis in original.]

This Court issued its opinion in *Tyrell* on December 22, 2020, which was more than one year after the latest date on which plaintiff's claim could have accrued and was after the date on which plaintiff filed the instant action in the circuit court. Because *Tyrrell*'s interpretation of MCL 600.6431 was therefore *not* the law in Michigan during the one-year notice of filing period following accrual of the claim, the present case does not fall within the window set by *Landin* as an exception to the retroactive application of *Christie*. *Landin*, ___ Mich App at ___; slip op at 8-9.

We are bound to follow *Flamont* as a published decision from this Court. MCR 7.215(J)(1). We are also bound to follow *Christie* as a decision of our Supreme Court. *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016). Thus, the Supreme Court's holding in *Christie* applies retroactively to this case under *Flamont*, and plaintiff's case must be dismissed for failure to comply with the notice requirement of MCL 600.6431(1) pursuant to *Christie*.

Plaintiff raises two additional arguments that we address briefly. First, plaintiff argues that the retroactive application of *Christie* is "akin" to a change in legislation that violates various constitutional rights. However, *Christie* is a judicial opinion and is *not* legislation. "[T]he test for retroactivity of a statute is different." *Flamont*, ___ Mich App at ___; slip op at 6. Therefore, this argument by plaintiff does not require this Court to reach a different result.

Finally, plaintiff argues that the MDOC should not be permitted to "belatedly" assert that plaintiff's claim was barred by her failure to comply with the notice requirement of MCL 600.6431(1). Plaintiff argues that this "defense" should be barred by application of equitable estoppel, judicial estoppel, or laches.

"Equity does not apply when a statute controls." *Gleason v Kincaid*, 323 Mich App 308, 318; 917 NW2d 685 (2018). Here, the outcome is dictated by MCL 600.6431(1). "Courts are bound to follow statutes and must apply them as written." *Id*. at 317. We may not rewrite the statute under the guise of "equity" simply because a party believes the statute to be unfair because everyone should be able to rely on clear statutory language being followed by all of society, including the courts. *Id*. at 318-319. Here, plaintiff also has not cited any legally prescribed time

_____

In *Mays*, 506 Mich 181-186 (opinion by BERNSTEIN, J.), the analytical focus was also on MCL 600.6431(3), although there were also general statements about "accrual" that seemed to also apply to MCL 600.6431(1). However, the Court also stated in *Bauserman*, 503 Mich at 183, that "[w]ith regard to claims seeking monetary relief, we can identify no meaningful distinction between 'the happening of the event giving rise to the cause of action' in MCL 600.6431(3) and when a claim accrues." The provision that was formerly contained in MCL 600.6431(3) is now located in MCL 600.6431(4) with some changes to the language that are not material in this case.

We need not attempt to resolve any open questions that may exist on the distinctions between "accrued" in MCL 600.6431(1) and "the event that gives rise to the claim" in current MCL 600.6431(4) because plaintiff in this case does not claim that her cause of action accrued any later than the date on which her employment ended.

limit that the MDOC breached and thus has not shown that there is actually an issue of untimeliness. Plaintiff therefore has not shown that she is entitled to any relief on this basis either.

Affirmed.


/s/ Stephen L. Borrello
/s/ Allie Greenleaf Maldonado
/s/ Randy J. Wallace