## WELLS v DEPARTMENT OF CORRECTIONS

1. AUTOMOBILES—MOTOR VEHICLES—GOVERNMENTAL AGENCIES—LIABILITY—BODILY INJURY—NEGLIGENCE—MOTOR VEHICLE CODE—STATUTES.

   Governmental agencies are liable for bodily injury resulting from the negligent operation, by any agent or employee of the governmental agency, of a motor vehicle, as defined in the Michigan Vehicle Code, of which the agency is the owner (MCLA 257.1–257.923, 691.1405; MSA 9.1801–9.2623, 3.996[105]).

2. AUTOMOBILES—MOTOR VEHICLE CODE—DEFINITIONS—FARM TRACTORS—MOTOR VEHICLES—STATUTES.

   A farm tractor operated by inmates of a state prison facility is covered by the Michigan Vehicle Code definitions of a "farm tractor" and of a "motor vehicle" (MCLA 257.16, 257.33; MSA 9.1816, 9.1833).

3. AUTOMOBILES—MOTOR VEHICLES—NEGLIGENCE.

   The "negligent operation" of a motor vehicle may occur even though the vehicle is standing still as long as it is being used or employed in some specific function or to produce some desired work or effect.

4. NEGLIGENCE—GOVERNMENTAL IMMUNITY—PROPRIETARY FUNCTIONS —PECUNIARY PROFIT—INCIDENTAL PUBLIC BENEFIT—STATUTES.

   Governmental immunity does not apply to actions arising out of the performance of a proprietary function; a proprietary function is any activity which is conducted primarily for the pur-

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 25.
  60 Am Jur 2d, Penal and Correctional Institutions § 32.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 77.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 602.
  What constitues "operation" or "negligence in operation" within statute making owner of motor vehicle liable for negligence in its operation. 13 ALR2d 378.
[4] 57 Am Jur 2d,Municipal, School, and State Tort Liability §§ 27, 30–33.

pose of producing a pecuniary profit for the state and an incidental public benefit does not disturb the proprietary nature of the activity (MCLA 691.1413; MSA 3.996[113]).

Appeal from Court of Claims, Martin B. Breighner, J. Submitted April 13, 1977, at Lansing. (Docket No. 29660.) Decided October 11, 1977.

Complaint by Theresa Wells, administratrix of the estate of Herbert Wells, Jr., deceased, against the Department of Corrections for wrongful death. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Olds, Sievers & Mackinder* (by *G. E. Dunton),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael J. Hodge,* Assistant Attorney General, for the Department of Corrections.

Before: R. M. MAHER, P. J., and M. J. KELLY and J. J. KELLEY,* JJ.

PER CURIAM. Plaintiff appeals the grant of defendant's motion for accelerated judgment for the reason that defendant had sovereign immunity from tort liability under MCLA 691.1407; MSA 3.996(107).

In her complaint plaintiff alleged the following. While operating a farm tractor under defendant's complete control and direction at Southern Michigan Prison, plaintiff's incarcerated decedent became entangled in the power take-off shield of the tractor and received fatal injuries. Defendant was negligent in failing to provide adequate protective

* Circuit judge, sitting on the Court of Appeals by assignment.

shielding of moving parts of the power take-off shaft.

Plaintiff claims that her case falls under a statutorily defined exception to sovereign immunity, namely, injury resulting from the operation of a motor vehicle.

Defendant claims that it has absolute immunity in its exercise of the governmental function of incarceration and rehabilitation of prisoners, that a farm tractor is not a "motor vehicle" as this term is used in the statutory exception, MCLA 691.1405; MSA 3.996(105), and that this statutory exception becomes operable only when third parties are injured.

MCLA 691.1405; MSA 3.996(105), provides that governmental agencies shall be liable for bodily injury resulting from the negligent operation, by any agent or employee of the governmental agency, of a motor vehicle of which the agency is the owner, "as defined in" the Michigan Vehicle Code, MCLA 257.1–257.923; MSA 9.1801–9.2623.

Whether the phrase "as defined in" applies to "owner" or to "motor vehicle", defendant must be regarded as the owner of a motor vehicle, to-wit, the tractor. Defendant has not disputed its ownership of the tractor. The vehicle code gives two definitions, either of which includes the tractor:

"Sec. 16. "Farm tractor" means every motor vehicle designed and used primarily as a farm implement for drawing plows, mowing machines, and other implements of husbandry." MCLA 257.16; MSA 9.1816.

"Sec. 33. "Motor vehicle" means every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from over-head trolley wires, but not operated upon rails." MCLA 257.33; MSA 9.1833.

Plaintiff's allegations in her complaint indicate that plaintiff's decedent was defendant's agent or employee in operating the tractor.

"Negligent operation" of a motor vehicle may occur even though the vehicle is standing still as long as it is being used or employed in some specific function or to produce some desired work or effect. *Orlowski v Jackson State Prison,* 36 Mich App 113, 116; 193 NW2d 206 (1971).

MCLA 691.1413; MSA 3.996(113), denies immunity in actions arising out of performance of a proprietary function, defined as "any activity which is conducted primarily for the purpose of producing a pecuniary profit for the state". Incidental public benefit from a function does not disturb its nature as proprietary. *Carlisi v Marysville,* 373 Mich 198, 205; 128 NW2d 477 (1964).

If defendant employed plaintiff under the terms of the Correctional Industries Act, MCLA 800.321–800.335; MSA 28.1540(1)–28.1540(15), defendant may have been engaged in a proprietary function. The present stage of the suit does not permit resolution of this issue by accelerated judgment.

What this Court stated in *Green v Department of Corrections,* 30 Mich App 648, 659; 186 NW2d 792 (1971), may apply here:

"Further, we regard it as inequitable that the state should be permitted to imprison the plaintiff, instruct him to work at a knowingly defective machine, and then be able to escape liability for the ensuing injury by invoking their defense of statutory immunity."

Reversed and remanded.