KUZINSKI v BORETTI

Docket No. 110035. Submitted August 2, 1989, at Detroit. Decided October 31, 1989.

Janice Kuzinski and Frank Kuzinski, as next friend of Robyn Kuzinski, a minor, brought a negligence action in the Wayne Circuit Court against David Boretti, the City of Southfield and others. Plaintiffs sought damages for injuries sustained when their automobile was struck by an ambulance owned by the City of Southfield and driven by Boretti, who had taken the ambulance from a Southfield fire station without the city's permission. The trial court, Richard P. Hathaway, J., granted summary disposition in favor of the city, ruling that plaintiffs' claim did not fall within the motor vehicle exception to governmental immunity from tort liability. Plaintiffs appealed.

The Court of Appeals *held:*

Under the motor vehicle exception to governmental immunity, a governmental agency may be held liable for bodily injury and property damage resulting from the negligent operation by its officer, agent or employee of a motor vehicle owned by the agency. To operate a motor vehicle is to be in actual physical control of the vehicle. In this case, the actions by employees of the City of Southfield in leaving the ambulance unattended, unlocked and with its motor running did not constitute sufficient control over the vehicle for those employees to be considered to have been operating the ambulance at the time of the accident.

Affirmed.

GOVERNMENTAL IMMUNITY — MOTOR VEHICLE EXCEPTION — OPERATION OF MOTOR VEHICLE.

A governmental agency may be held liable for bodily injury and property damage resulting from the negligent operation by its officer, agent or employee of a motor vehicle owned by the agency; the term "operation" means actual physical control of

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 233, 237, 238.

See the Index to Annotations under Governmental Immunity or Privilege; Automobiles and Highway Traffic.

the vehicle at the time of the accident giving rise to injury or damage (MCL 691.1405; MSA 3.996[105]).

*Cooper, Shifman, Gabe, Quinn & Seymour* (by *Charles Y. Cooper*), for plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe* and *Timothy Young*), for City of Southfield.

Before: SULLIVAN, P.J., and BRENNAN and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's June 14, 1988, order granting summary disposition in favor of defendant City of Southfield, pursuant to MCR 2.116(C)(10), on the ground that plaintiffs' claim against the city was barred by governmental immunity. We affirm.

On December 30, 1985, an ambulance owned by defendant was sitting outside of the Southfield fire station at Nine Mile and Telegraph Roads. The motor had been left running to keep it from freezing, and the vehicle had been left unattended and unlocked. Codefendant, David Boretti, who was not employed by defendant, happened to be walking by and entered the vehicle and drove off. A police chase involving Livonia and Plymouth police officers later ensued. Eventually, the ambulance collided with a vehicle carrying Janice and Robyn Kuzinski, and plaintiffs' minor, Robyn Kuzinski, sustained serious injuries.

On March 26, 1987, plaintiffs filed the instant case, alleging, among other things, that defendant was negligent in leaving the ambulance unattended with the motor running. On May 3, 1988, defendant moved for summary disposition pursu-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ant to MCR 2.116(C)(7), (8) and (10). The motion was granted pursuant to MCR 2.116(C)(10) on the ground that plaintiffs' claim against defendant was barred by governmental immunity.

Governmental agencies are immune from tort liability for injuries arising out of the agency's exercise or discharge of a nonproprietary, governmental function. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 591; 363 NW2d 641 (1984); MCL 691.1407(1); MSA 3.996(107)(1). However, plaintiffs assert that their action is not barred because it falls within the motor vehicle exception to governmental immunity. MCL 691.1405; MSA 3.996(105) provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the *negligent operation by any officer, agent, or employee of the government agency,* of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948. [Emphasis added.]

Plaintiffs ask us to apply a very broad definition to the term "operation," contending that defendant's employees' actions in leaving the ambulance running, unattended and unlocked constitute sufficient control over the vehicle to be considered "operation."

The term "operation" is not defined within the governmental immunity statutes. Therefore, we will look to the Michigan Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*, in defining the term. See *Roy v Dep't of Transportation*, 428 Mich 330, 338-340; 408 NW2d 783 (1987). MCL 257.36; MSA 9.1836 defines the term "operator" to mean "every person, other than a chauffeur, who is in actual physical control of a motor vehicle upon a high-

way." The terms "operate" or "operating" mean "being in actual physical control of a vehicle . . . ." MCL 257.35a; MSA 9.1835(1).

While the term "negligent operation" is not limited to the actual driving of a vehicle upon a highway, see *Wells v Dep't of Corrections,* 79 Mich App 166, 169; 261 NW2d 245 (1977), we do not believe it can be extended so far as to encompass the acts of defendant's employees in this case. Clearly, defendant's employees were not in "actual physical control" of the ambulance when the accident occurred. Rather, codefendant David Boretti was operating the vehicle. Therefore, the motor vehicle exception to governmental immunity is inapplicable to this case, and the lower court properly granted defendant's motion for summary disposition.

Plaintiffs also contend that there was not a factual basis presented to determine whether defendant's operation of the ambulance service was a proprietary function. However, plaintiffs have not, in answer to the motion for summary disposition, brought forth specific facts or evidence to establish the existence of a material factual dispute, as required. *Grochowalski v DAIIE,* 171 Mich App 771, 774; 430 NW2d 822 (1988); MCR 2.116(G)(4). Further, plaintiffs have failed to cite any authority in support of their position. A statement of position without supporting citation is insufficient to bring an issue before this Court. *Settles v Detroit City Clerk,* 169 Mich App 797, 807; 427 NW2d 188 (1988).

Affirmed.