Per Curiam.
The issue raised in this appeal is whether the motor vehicle exception to governmental immunity applies where an injury occurred while the vehicle was parked in a maintenance facility for the purpose of cleaning and was not being operated as a motor vehicle. We hold that the injury did not result from the negligent “operation” of the vehicle within the meaning of the motor vehicle exception, codified at MCL 691.1405. Therefore, we reverse the judgment of the Court of Appeals.
i
On May 21, 1996, plaintiff Chandler and several other persons, who were performing community service under a district court order, were assigned to clean Muskegon Area Transit System (mats) buses and trolleys at a mats bus bam. Frederick Smith, a Muskegon County employee, was supervising the workers’ cleaning of the interiors of the vehicles. Smith drove one of the buses into the bam, turned off the engine, and started to exit through the open bus doors. As he was doing so, however, the bus doors closed on his neck, apparently because he had neglected to release the hydraulic air pressure valve.
The plaintiff had been waiting to clean the bus when he saw the incident. He attempted to pry open the doors and to hold them until someone came to reach through the bus window and release the air valve. Plaintiff injured his shoulder in the process and brought this action against the county.
*317 n
Defendant moved for summary disposition under MCR 2.116(C)(7) and (10), asserting that there was no genuine issue regarding any material fact and that the claim was barred by governmental immunity under MCL 691.1407(1).[1] It contended that the case was not within the motor vehicle exception to governmental immunity of MCL 691.1405[2] because the bus was not in motion and not being used to transport passengers at the time of plaintiff’s injury. Thus, the injury did not arise out of “operation” of the bus.
The circuit court granted defendant’s motion for summary disposition, concluding:
[The] activity of cleaning seats in the bus does not constitute the “operation” of the bus. The bus was not being used or employed to clean anything. The bus was not being used or employed as an instrument to produce any desired work, nor was it being used or employed to produce any desired effect of cleanliness.
The circuit court also said that the cleaning of the bus was a form of maintenance and that the governmental immunity statute refers only to negligent “operation,” not to negligent “operation or maintenance.” Plaintiff appealed.
*318 m
The Court of Appeals reversed.[3] The Court discussed a number of cases from Michigan[4] and elsewhere[5] and extracted the principle that a vehicle is in operation “as long as it is being used or employed in some specific function or to produce some desired work or effect.” The Court found the facts of this case to come within this exception, explaining:
Here, bus 440 was being used in a specific function or to produce some desired effect when Smith operated the hydraulic doors as a means of egress, and in anticipation of the workers entering the bus. Surely, if a bus driver driving a regular county route failed to release the air pressure and an exiting passenger was caught in the doors and iqjured as a result, as in Sonneriberg, supra, there would be no question regarding the application of the motor vehicle exception. The negligent operation of the hydraulic doors would satisfy the statutory condition that the plaintiff suffer “bodily injury . . . resulting from the negligent operation by any . . . employee of the governmental agency, of a motor vehicle.” MCL 691.1405.
Defendant’s argument that because the bus was purchased to transport passengers but had been parked for cleaning at the time of the incident, it was not in a state of being at work, or in the active exercise of some function, or employed to produce some desired work or effect, must fail. The statute does not require that the motor vehicle be *319 involved in any particular activity, only that the injury result from the negligent operation of the motor vehicle. Thus, we fail to see why the exception, which would otherwise be applicable to a door-closing injury, should become inapplicable simply because the bus was not on an established route. Also irrelevant is the fact the ultimate object was to clean the bus. The doors of the bus were still being operated for the purpose of exiting the bus (the desired work or effect), an integral part of the use of the bus. Similarly, had Smith backed bus 440 into plaintiff, causing him injury, presumably all would agree that the exception would still be applicable, although the bus had been removed from its regular route to be cleaned. An employee’s negligent operation would still be involved. [Slip op at 10-11 (emphasis in original).]
The defendant has filed an application for leave to appeal to this Court.
IV
This appeal involves a decision on a motion for summary disposition. The issue presented is one of statutory construction. Both are questions that we review de novo. Hazle v Ford Motor Co, 464 Mich 456, 461; 628 NW2d 515 (2001); Brown v Michigan Health Care Corp, 463 Mich 368, 374; 617 NW2d 301 (2000). When interpreting statutory language, our obligation is to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute. Wickens v Oakwood Healthcare Sys, 465 Mich 53, 60; 631 NW2d 686 (2001).
v
The Legislature has not defined “operation” for the purpose of MCL 691.1405. Where a nontechnical undefined word is used in a statute, the Legislature *320 has directed that the term should be “construed and understood according to the common and approved usage of the language . . . MCL 8.3a, see also Stanton v Battle Creek, 466 Mich 611; 647 NW2d 508 (2002). As might be expected, in undertaking to give meaning to words this Court has often consulted dictionaries. Horace v City of Pontiac, 456 Mich 744, 756; 575 NW2d 762 (1998). The Random House Webster’s College Dictionary (1997) defines “operation” as “an act or instance, process, or manner of functioning or operating.” We conclude, in accordance with this definition and in accordance with the narrow construction given to the exceptions to governmental immunity,[6] that the language “operation of a motor vehicle” means that the motor vehicle is being operated as a motor vehicle.[7]
*321 Accordingly, aware that we are considering the dictionary definition of the word “operation,” as well as construing a governmental immunity statute, which we must construe narrowly, we conclude that the “operation of a motor vehicle” encompasses activities that are directly associated with the driving of a motor vehicle.
In light of this, we reject the Court of Appeals and the dissent’s approach because their construction of “operation” would construe the term so broadly that it could apply to virtually any situation imaginable in which a motor vehicle is involved regardless of the nature of its involvement. Therefore, we reject this construction as inconsistent with the principles of interpretation stated above.
VI
In the context of a motor vehicle, the common usage of the term “operation” refers to the ordinary *322 use of the vehicle as a motor vehicle, namely, driving the vehicle. In this case, the injury to plaintiff did not arise from the negligent operation of the bus as a motor vehicle. The plaintiff was not injured incident to the vehicle’s operation as a motor vehicle. Rather, the vehicle was parked in a maintenance facility for the purpose of maintenance and was not at the time being operated as a motor vehicle.
vn
Accordingly, we reverse the judgment of the Court of Appeals and reinstate the summary disposition in favor of the defendant entered by the circuit court.
Corrigan, C.J., and Cavanagh, Weaver, Taylor, Young, and Markman, JJ., concurred.

 Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function.

 Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in [the Motor Vehicle Code] sections 257.1 to 257.923 ....

 Unpublished opinion per curiam, issued February 23, 2001 (Docket No. 220435).

 Orlowski v Jackson State Prison, 36 Mich App 113; 193 NW2d 206 (1971), Wells v Dep’t of Corrections, 79 Mich App 166; 261 NW2d 245 (1977), Nolan v Bronson, 185 Mich App 163; 460 NW2d 284 (1990), Kuzinski v Boretti, 182 Mich App 177; 451 NW2d 859 (1989), and North v Kolomyjec, 199 Mich App 724; 502 NW2d 765 (1993).

 Sonneriberg v Erie Metro Transit Auth, 137 Pa Commw 533, 536-537; 586 A2d 1026 (1991), and Swartz v Hilltown Twp Volunteer Fire Co, 721 A2d 817 (Pa Commw, 1998).

 Ross v Consumers Power Co (On Rehearing), 420 Mich 567, 618; 363 NW2d 641 (1984); Nawrocki v Macomb Co Rd Comm, 463 Mich 143, 158-159; 615 NW2d 702 (2000).

 That it is appropriate to give “operation” a narrower scope than the more expansive definition utilized by the Court of Appeals or the dissent is reinforced by the fact that the Legislature itself, when legislating in the transportation area, uses the word “operation” in a fashion that mirrors the common definition cited above. For example, in the automobile no-fault act the Legislature effectively adhered to a more limited definition of “operation.” In MCL 550.3105 the Legislature made benefits payable for injuries arising out of the “ownership, operation, maintenance or use” of a motor vehicle. The obvious import of this listing is that the Legislature clearly intended that “operation” was distinct from ownership, maintenance, and use.
Similarly this construction of the term “operation” is consistent with the use of this term in the automobile owners’ liability act. That act states:
The owner of a motor vehicle is hable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not hable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. [MCL 257.401(1) (emphasis added).]
*321 This language malees apparent that the “operation of a motor vehicle” refers to activities that are directly associated with the driving of a motor vehicle.
Moreover, MCL 257.625, prohibiting operating a motor vehicle while under the influence of intoxicating liquor, applies to “operating” in the sense of driving the vehicle. People v Wood, 450 Mich 399, 404-405; 538 NW2d 351 (1995) (Once a person using a motor vehicle as a motor vehicle has put the vehicle in motion, or in a position posing significant risk of causing a collision, such a person continues to operate it until the vehicle is returned to a position posing no such risk.).
Further, this Court has resolved other disputes concerning the word “operation” in a fashion harmonious with the instant case. In the context of a dispute about insurance coverage, in Pacific Employers Ins Co v Michigan Mut Ins Co, 452 Mich 218, 226; 549 NW2d 872 (1996), we contrasted the term “use” with the narrower term “operation”:
“Use” is defined more broadly than the mere carrying of persons and, while it encompasses the “operation” of the bus, it may also include a range of activity unrelated to actual driving.