*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUKETA THAKORE,

       Plaintiff-Appellee,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION,

       Defendant-Appellant,

and

AUTO-OWNERS INSURANCE COMPANY,

       Defendant.

UNPUBLISHED
December 14, 2023

No. 365024
Oakland Circuit Court
LC No. 2021-190782-NI

Before: GLEICHER, C.J., and GARRETT and MALDONADO, JJ.

PER CURIAM.

We affirm the trial court's order denying defendant's motion for summary disposition made pursuant to MCR 2.116(C)(7) (immunity) and (10) (no genuine issue of material fact).

## I. BACKGROUND

The facts of this case are straightforward. Plaintiff fell down and was injured while getting off of a bus owned by defendant, Suburban Mobility Authority for Regional Transportation (SMART), and operated by a driver it employs. The bus had made a "courtesy stop" at plaintiff's request, but the stop was made shortly before its usual location due to traffic at the ensuing stoplight. The location where SMART stopped to let plaintiff exit had an uneven driveway instead of a curb, and plaintiff claims that this unsafe location for unloading caused her to fall. Plaintiff sued SMART for negligence, and SMART asserted governmental immunity as a defense while also arguing that plaintiff could not establish that the driver was negligent. The trial court denied SMART's motion for summary disposition, and SMART appealed.

-1-

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition, and the evidence is viewed in a light most favorable to the nonmoving party. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Summary disposition is appropriate pursuant to MCR 2.116(C)(7) when, among other reasons, "relief is appropriate because of . . . immunity granted by law . . . ." When reviewing a decision on a motion made pursuant to MCR 2.116(C)(7), this Court should "consider all documentary evidence and accept the complaint as factually accurate unless affidavits or other appropriate documents specifically contradict it." *Frank v Linkner*, 500 Mich 133, 140; 894 NW2d 574 (2017) (quotation marks and citation omitted). "[I]t is a basic principle of our state's jurisprudence that the immunity conferred upon governmental agencies and subdivisions is to be construed broadly and that the statutory exceptions are to be narrowly construed." *Stanton v Battle Creek*, 466 Mich 611, 618; 647 NW2d 508 (2002).

Summary disposition should be granted pursuant to MCR 2.116(C)(10) when the evidence reveals no genuine issue of material fact. *West*, 469 Mich at 183. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

Issues involving "the proper interpretation and application of statutes and court rules" are reviewed de novo. *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018).

## III. IMMUNITY

SMART argues that the trial court erred by denying summary disposition pursuant to MCR 2.116(C)(7) because it, as a governmental authority, is immune from tort liability arising from plaintiff's injury. We disagree.

"Generally, governmental agencies in Michigan are statutorily immune from tort liability." *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 714; 822 NW2d 522 (2012). However, the government is free to carve out exceptions to this general rule and "voluntarily subject itself to liability" in limited circumstances. *Id*. One such exception has come to be known as the "motor-vehicle exception," and it is articulated in Section 5 of the governmental tort liability act (GTLA), which provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405. The term "operation" for the purposes of this exception refers to "activities that are directly associated with the driving of a motor vehicle." *Wood v Detroit*, 323 Mich App 416, 420; 917 NW2d 709 (2018), quoting *Chandler v Muskegon Co*, 467 Mich 315, 321; 652 NW2d 224 (2002).

SMART argues that plaintiff is not entitled to avail herself of the motor-vehicle exception because there is no causal relationship between the driver's operation of the vehicle and plaintiff's bodily injuries. In particular, SMART notes that "[t]here is no allegation that the bus itself contributed to Plaintiff Thakore's fall by jerking or moving when she exited." However, such a

narrow construction of the term "operation" has previously been rejected by the Michigan Supreme Court. In *Martin v Rapid Inter-Urban Transit Partnership*, 480 Mich 936; 740 NW2d 657 (2007), the plaintiff alleged "that she slipped and fell down the steps of a shuttle bus owned and operated by the defendants as she was attempting to exit the bus." The Court concluded that the motor-vehicle exception applied because "[t]he loading and unloading of passengers is an action within the 'operation' of a shuttle bus." *Id*. SMART distinguishes this case from *Martin* on the basis of the fact "[t]here was no unsafe condition on the bus itself," as opposed to *Martin* "where the bus passenger slipped and fell down the steps of the bus while attempting to exit." However, if anything, this distinction makes it even more clear than it was in *Martin* that the injury arose from the allegedly negligent operation of the bus. In this case, the injury was allegedly the result of the driver stopping the bus at a location that was unsafe for unloading passengers; choosing a location for stopping a bus has a greater "associat[ion] with the driving of a motor vehicle" than the presence of an unsafe condition on the stairs used for unloading. *Wood*, 323 Mich App at 420 (quotation marks and citation omitted). The fact that the plaintiff in *Martin* fell down on the steps of the shuttle bus as opposed to the ground outside the bus is a meaningless distinction because inherent to the unloading of passengers is the fact that the passenger will step off the bus and onto the ground. If stepping off the bus and onto the ground is dangerous because the driver chose a dangerous place to stop and unload passengers, then the injury arose from the negligent operation of the motor vehicle.

## IV. NEGLIGENCE

SMART argues that the trial court erred by denying summary disposition pursuant to MCR 2.116(C)(10) because plaintiff cannot establish that her injuries were the result of its driver's negligence. We disagree.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 508; 991 NW2d 230 (2022) (quotation marks and citation omitted). With respect to common carriers, our Supreme Court has explained:

> When a duty arises as a matter of law between a carrier and its passengers, it is the common-law duty of due care and it may be defined simply as the duty to exercise such diligence as would be exercised in the circumstances by a reasonably prudent carrier. It then becomes the function of the jury to determine from the evidence what action, if any, should have been taken or omitted in order to measure up to the standard of a reasonably prudent carrier in the same circumstances. [*Id.*, quoting *Frederick v Detroit Dep't of Street R*, 370 Mich 425, 437; 121 NW2d 918 (1963).]

SMART argues that plaintiff was at fault for her injuries because she requested that the bus stop where it did, she did not request that the bus driver pull forward, she did not exit the bus

through the front door, and she did not look at where she was stepping as she exited the bus.[1] However, when viewed in a light most favorable to plaintiff, there is ample evidence upon which a rational fact-finder could conclude that plaintiff's injuries were caused by the driver's breach of his duty to stop the bus at a safe location. Plaintiff testified that she fell down because the bus stopped at a location where the drop from the bottom step was longer than usual and where she did not have space to safely put both feet on the ground. Plaintiff's expert witness stated that drivers should "park next to curbing at bus stops when available" and that the driver "had ample opportunity to stop and position his bus . . . within industry standards of 6 to 12 inches of the curb." The expert opined that stopping by "a dangerous and uneven area" caused plaintiff's injuries and that the driver failed to "appreciate the safety issue relating to stopping his bus at a location with uneven surfaces." During his deposition, even the driver acknowledged that he had a duty to make "courtesy stops" at safe locations only.

## V. OTHER ARGUMENTS

The second count of plaintiff's complaint was for common carrier liability, and SMART argues that this cause of action fell within the protection of governmental immunity. Despite how it was pleaded, this count was not a distinct cause of action; rather, it was simply a restatement of plaintiff's negligence claim. "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). Plaintiff alleges that SMART breached its duty to exercise reasonable care to protect its passengers from unreasonable risks of harm and that this breach of duty caused plaintiff's injuries; this is negligence. See *Anderson*, 341 Mich App at 508. SMART argues "that the Metropolitan Transportation Authorities Act of 1967 specifically exempts transportation authorities such as SMART from several statutory acts such as the motor carrier act, the motor bus transportation act, and the public services act." This argument is a red herring because plaintiff has not raised claims pursuant to any of these statutes; indeed, the claim labeled "common carrier liability" does not cite any statutes, instead relying on common law principles. "Courts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012). Regardless of how it was pled, this was a claim of negligence, and governmental authorities are not immune from claims arising from the negligent operation of motor vehicles. See MCL 691.1405. Finally, SMART argues that plaintiff's claim of "negligent

---

[1] Interestingly, SMART's brief on appeal contains no references to contributory or comparative negligence.

training" is subject to governmental immunity.  However, plaintiff did not raise a separate claim of negligent training, so this argument is without merit.

 Affirmed.

          /s/ Elizabeth L. Gleicher
          /s/ Kristina Robinson Garrett
          /s/ Allie Greenleaf Maldonado