*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JON SNYDER, Personal Representative of the
ESTATE OF CHRISTINA CAROLINE SNYDER,

UNPUBLISHED
August 22, 2024

      Plaintiff-Appellee,

v

No. 367210
Washtenaw Circuit Court
LC No. 19-000769-NI

CHARLES EDWARD HORN, LINDA LORRAINE
HORN, and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants,

and

CITY OF YPSILANTI,

      Defendant-Appellant.

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO[*], JJ.

PER CURIAM.

Defendant, City of Ypsilanti, appeals as of right an order denying its motion for summary disposition of plaintiff's negligence claim arising from a motor vehicle accident involving a parked, unoccupied firetruck. Defendant had argued that it was entitled to governmental immunity because the motor-vehicle exception did not apply under the facts of this case. We reverse.

## I. BACKGROUND FACTS

On May 29, 2017, at about 10:45 p.m., the Ypsilanti Fire Department was dispatched to the scene of a rollover accident on Interstate 94 (I-94). Upon arrival, other emergency vehicles were already on the scene. Thus, the firetruck was parked partially on the roadway and partially on the shoulder so as to block other motorists traveling on the expressway from entering into the accident scene. The firetruck was bright yellow and had its emergency flashing lights activated.

---

[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Shortly after arrival, the firetruck was struck in the rear by a vehicle traveling at a high rate of speed which was being driven by Charles Edward Horn (Horn). Plaintiff's decedent, Christina Caroline Snyder, was a backseat passenger in that vehicle and died. The frontseat passenger was severely injured but survived. Subsequently, Horn was convicted of reckless driving causing death and reckless driving causing impairment of a bodily function.[1]

Plaintiff filed this action against defendant, the City of Ypsilanti, alleging that its firetruck was "parked in an unsafe manner in the lane of travel, without any traffic control devices . . . ." Plaintiff alleged, in part, that defendant "was guilty of ordinary negligence and misconduct" by: failing to take precautions to avoid a collision; unsafely parking or standing in the roadway; performing an unsafe "Lane Plus One maneuver"; failing to use traffic control devices; and interfering with the normal flow of traffic.

Ultimately, defendant filed a motion for summary disposition, arguing that it was entitled to governmental immunity under MCL 691.1407(1) because "ordinary negligence and misconduct" are insufficient to state a claim upon which relief can be granted. Further, defendant argued, to the extent that plaintiff was attempting to claim (although not specifically pleaded) that the motor-vehicle exception to governmental immunity, MCL 691.1405, was applicable, plaintiff's claim must be dismissed. At the time of the accident, the firetruck—which was bright yellow and had its emergency lights activated—was properly parked using a technique known as a "Lane +1 Blocking" maneuver[2] and was unoccupied. The firetruck provided lane-blockage-protection for victims and emergency personnel working at the earlier rollover traffic accident, and thus, the firetruck was not being "operated" as a motor vehicle. Moreover, defendant argued, the firetruck was easily visible and avoidable yet Horn slammed into the back of it without attempting to brake or avoid it—likely because he was texting while driving—and thus, no reasonable jury could find defendant negligent. Accordingly, defendant was entitled to summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10).

On June 20, 2023, plaintiff filed a motion for summary disposition under MCL 2.116(C)(10), arguing that (1) defendant's firetruck was "improperly occupying the entire right most travel lane of I-94" which contributed to the fatal car accident; and (2) defendant was not entitled to governmental immunity because "it owned the vehicle that was negligently occupying the travel lane of I-94 and angled in such a manner that was dangerous for the public[.]" In support of its motion, plaintiff allegedly attached the affidavit and deposition testimony of purported accident reconstruction expert, Tim Robbins, who testified that the positioning of the firetruck at

---

[1] Horn's convictions were affirmed on appeal. See *People v Horn*, unpublished per curiam opinion of the Court of Appeals, issued January 14, 2021 (Docket No. 350129).

[2] According to the National Traffic Incident Management Responder Training Program Michigan Student Handout, Lesson 4, attached to defendant's brief in support of motion for summary disposition, this protocol occurs "when responders block the involved lane(s) plus one additional lane to provide a protected lateral space for safety."

issue was not in accordance with industry best practices.[3]   Accordingly, plaintiff argued that defendant was not entitled to governmental immunity because the motor-vehicle exception applied and summary disposition under MCR 2.116(C)(10) should be granted in plaintiff's favor.

Defendant responded to plaintiff's motion for summary disposition and sought sanctions, arguing that plaintiff misunderstood governmental immunity law and the motor-vehicle exception—which was thoroughly explained in defendant's motion for summary disposition.

On July 5, 2023, plaintiff responded to defendant's motion for summary disposition, arguing that defendant's firetruck was improperly placed in the right lane of travel on Interstate 94 which resulted in Horn driving into the back of the firetruck causing the death of plaintiff's decedent.  Because the vehicles from the prior accident were located in the ditch, the firetruck should have been parked or positioned so as to block the shoulder only and not the right travel lane.  Plaintiff argued that defendant was not entitled to governmental immunity because this case arose from the negligent operation of the firetruck—although it was temporarily parked, and thus, the motor-vehicle exception applied.

Defendant replied to plaintiff's response to its motion for summary disposition, arguing that (1) plaintiff's complaint "failed to state a legally viable cause of action by failing to allege facts giving rise to an exception to governmental immunity;" (2) plaintiff cannot establish that defendant's firetruck was being "operated," i.e., driven, at the time of the accident as explained in *Chandler v Muskegon Co*, 467 Mich 315, 320-322; 652 NW2d 224 (2002); and (3) plaintiff cannot establish that his decedent's injuries resulted from any negligent operation of the firetruck as required under MCL 691.1405.  Accordingly, defendant argued that its motion for summary disposition should be granted.

On July 12, 2023, the trial court heard oral arguments on the motions for summary disposition and the parties argued consistently with their briefs.  The trial court first held that the complaint sufficiently pleaded a claim in avoidance of governmental immunity.  The trial court also held that the firetruck was being "operated" because it was being used to block the lane of travel as required to implement the "Lane +1 Blocking" maneuver.  In other words, the firetruck was being used to perform that emergency function as was their job as firefighters.  Therefore, defendant's motion for summary disposition based on that ground was also denied.  The parties then addressed whether a genuine issue of material fact existed on the issue of negligence.  Plaintiff argued that the Lane +1 Blocking maneuver was not required under the circumstances and, further, that cones and flares should have been in place to direct traffic away from the right-most lane of travel since that blocking maneuver was employed.  Defendant argued that plaintiff's own expert admitted that traffic control devices like cones and flares had no causal relationship to Horn hitting the firetruck.  Further, the Lane +1 Blocking maneuver was necessary under the circumstances of this accident.  The trial court held that there were genuine issues of material fact with regard to the Lane +1 Blocking maneuver, and thus, denied both plaintiff's and defendant's motions for

---

[3] The affidavit and deposition testimony were not attached to the motion or brief in support of the motion located in the lower court record.  However, they were attached to plaintiff's brief in support of response to defendant's motion for summary disposition.

summary disposition brought under MCR 2.116(C)(10).  Thereafter, the court granted a motion for stay pending appeal in light of the governmental immunity issue.  On July 20, 2023, an order was entered consistent with the trial court's rulings.  This appeal followed.

Defendant argues that the trial court erred in holding that the motor-vehicle exception to governmental immunity applies to plaintiff's claims because controlling law directs that the parking of a firetruck as a roadblock in one lane of travel for the protection of persons involved in an accident and first responders on the scene does not constitute the operation of a motor vehicle. In the alternative, even if the motor-vehicle exception applies, no reasonable juror could conclude that negligence occurred in that regard or that the accident directly resulted from the parking of the firetruck, i.e., that it was *the* proximate cause.  We agree with defendant that the motor-vehicle exception to governmental immunity did not apply under the facts of this case, and thus, defendant was entitled to governmental immunity as a matter of law.

## II.  STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo.  *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).  Defendant brought its motion for summary disposition, in relevant part, under MCR 2.116(C)(7), arguing that plaintiff's claims were barred by governmental immunity.  The issue whether governmental immunity applies presents a question of law which is reviewed de novo.  *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 433; 824 NW2d 318 (2012).  A motion brought under subrule (C)(7) "does not test the merits of a claim but rather certain defenses" that may negate the need for a trial.  *Nash v Duncan Park Comm*, 304 Mich App 599, 630; 848 NW2d 435 (2014) (quotation marks and citation omitted), vacated in part on other grounds 497 Mich 1016 (2015).  "In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence."  *McLean v Dearborn*, 302 Mich App 68, 72-73; 836 NW2d 916 (2013).  "If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a claim is barred by immunity is a question for the court to decide as a matter of law."  *Ray v Swager*, 321 Mich App 755, 761 n 1; 909 NW2d 917 (2017), quoting *Poppen v Tovey*, 256 Mich App 351, 354; 664 NW2d 269 (2003).

## III.  ANALYSIS

The trial court erred in denying defendant's motion for summary disposition because the motor-vehicle exception did not apply under the facts of this case, and thus, defendant was entitled to governmental immunity as a matter of law.

As a general rule, under the governmental tort liability act, MCL 691.1401 *et seq*., a governmental agency is immune from tort liability when it is "engaged in the exercise or discharge of a governmental function."  MCL 691.1407(1).  "[T]he immunity conferred upon governmental agencies is *broad*, and the statutory exceptions thereto are to be *narrowly* construed."  *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000) (emphasis in original).  One statutory exception is the motor-vehicle exception.  This exception provides that a governmental agency "shall be liable for bodily injury and property damage resulting from the negligent

-4-

operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405. Thus, for the exception to apply, the alleged injury must have resulted directly from the negligent operation of a motor vehicle. See *Robinson v Detroit*, 462 Mich 439, 456-457; 613 NW2d 307 (2000). Mere involvement of a motor vehicle is not sufficient to abrogate immunity. See *Peterson v Muskegon Co Bd of Rd Comm'rs*, 137 Mich App 210, 213-214; 358 NW2d 28 (1984). And causation under the statute must be direct as opposed to the lesser "but for" causation standard in other negligence cases. *Robinson*, 462 Mich at 457 n 14.

Here, there is no dispute that defendant is a governmental agency and that defendant owned the firetruck at issue. Rather, the parties' dispute centers on whether the parked, unoccupied firetruck was being "operated," within the contemplation of the motor-vehicle exception, at the time of the accident.

In *Chandler v Muskegon Co*, 467 Mich 315; 652 NW2d 224 (2002), our Supreme Court specifically considered what the phrase "operation of a motor vehicle" means for purposes of the motor-vehicle exception. In that case, the plaintiff was injured while trying to pry open the doors of a parked bus after the doors closed on a person's neck while the person was trying to exit the bus so that the bus could be cleaned. *Id*. at 316. The plaintiff sued, and the county defendant sought summary dismissal on the ground that the action was barred by governmental immunity because the motor-vehicle exception did not apply since the bus was not in operation, i.e., in motion, when the injury occurred. *Id*. at 317. The trial court granted the motion and this court reversed that decision, holding that the bus was in operation "as long as it is being used or employed in some specific function or to produce some desired work or effect." *Id*. at 318. Our Supreme Court disagreed. Acknowledging that the Legislature did not define the term "operation" for purposes of MCL 691.1405, the *Chandler* Court turned to the dictionary definition and held that, in accordance with that definition and "the narrow construction given to the exceptions to governmental immunity, [] the language 'operation of a motor vehicle' means that the motor vehicle is being operated *as* a motor vehicle." *Id*. at 320-321 (emphasis in original). In other words, the Supreme Court held, "the 'operation of a motor vehicle' encompasses activities that are directly associated with the driving of a motor vehicle." *Id*. at 321. And, in that case, because the bus was parked for the purpose of maintenance when the plaintiff was injured, the bus was not being operated as a motor vehicle; thus, the defendant was entitled to summary disposition. *Id*. at 322.

Similarly, in *Poppen v Tovey*, 256 Mich App 351; 664 NW2d 269 (2003), the injured plaintiff struck the rear end of a city water truck that was stopped in one of the two through-lanes of travel with its emergency flashers and overhead warning lights activated so that an employee could inspect a fire hydrant. *Id*. at 352. The city defendant moved for summary disposition, arguing that the motor-vehicle exception to governmental immunity did not apply, and the trial court agreed that the plaintiff's injuries did not arise from the "operation" of a government-owned vehicle. *Id*. at 353. On appeal, this Court affirmed the trial court's decision. Citing to our Supreme Court's decision in *Chandler*, 467 Mich at 320-321, this Court held that the phase "operation of a motor vehicle" for purposes of the motor-vehicle exception meant that the vehicle was being operated *as* a motor vehicle, and therefore, included only "activities that are directly associated with the driving of a motor vehicle." *Id*. at 355. Accordingly, because the city water truck was stopped for a period of time to allow for a city inspection at the time the plaintiff struck it, the

truck's "presence on the road was no longer 'directly associated with the driving' of that vehicle" and it "was not being operated 'as' a motor vehicle at the time of the accident[.]" *Id*. at 355-356.

In *Strozier v Flint Community Sch*, 295 Mich App 82; 811 NW2d 59 (2011), this Court again considered the meaning of the term "operation" with regard to the motor-vehicle exception to governmental immunity. *Id*. at 87-88. In *Strozier*, a passenger on a school bus was injured when the bus collided with a garbage truck that had been making periodic, brief stops in the right lane of travel so that garbage could be picked up and placed in the truck. *Id*. at 84. The city defendant moved for summary disposition, arguing that it was entitled to governmental immunity because the motor-vehicle exception did not apply since the bus was stopped, and thus, not in "operation" at the time of the accident. *Id*. at 87. The trial court denied the defendant's motion and this Court affirmed that decision, holding that even if the garbage truck was making temporary stops to pick up garbage, it was in "operation" at the time of the accident. *Id*. at 88. That was so because the function of a garbage truck is to pick up garbage which cannot be done unless the truck makes periodic, brief stops to actually pick up garbage. *Id*. at 91. Therefore, the motor-vehicle exception to governmental immunity applied and summary disposition was not warranted.

The facts in this case are factually similar to *Chandler* and *Poppen* and distinguishable from those of *Strozier*. Here, the unoccupied firetruck—which was bright yellow and had its emergency lights activated—was parked partially on the roadway and partially on the shoulder so as to block other motorists traveling on the expressway from entering into an existing accident scene when Horn struck the firetruck. At the time of the collision, the firetruck was not being operated "as a motor vehicle;" rather, it was being used as a roadblock or barricade. See *Chandler*, 467 Mich at 320-321. The firetruck's presence on the road was no longer "directly associated with the driving" of that vehicle. *Id*. at 321; *Poppen*, 256 Mich App at 355-356. In fact, it was unoccupied. Like the bus in *Chandler* and the water truck in *Poppen*, the firetruck was not being used as a motor vehicle at the time of the accident. In other words, the fact that it was a motor vehicle was irrelevant to the accident occurring. If wooden barricades had been erected instead of the firetruck being use as a barricade, in all likelihood Horn would have struck the wooden barricades. Unlike the garbage truck in *Strozier*, the firetruck was not "carrying out its intended function" at the time it was struck by Horn. *Strozier*, 295 Mich App at 91. Accordingly, the motor vehicle exception to governmental immunity does not apply and defendant was entitled to summary disposition. We vacate the trial court's order denying defendant's motion for summary disposition and remand for entry of an order granting the motion and dismissing plaintiff's claims against defendant. In light of this resolution, we need not consider defendant's alternative argument.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh