*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WALTER WINTERS,

UNPUBLISHED
May 19, 2026
1:56 PM

Plaintiff-Appellant,

v

No. 371690
Wayne Circuit Court
LC No. 21-014748-CZ

CITY OF DETROIT,

Defendant-Appellee.

Before: RIORDAN, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

Plaintiff, Walter Winters, suffered injuries when emergency medical technicians (EMTs) failed to keep the ambulance gurney onto which he was strapped in an upright position, causing him to fall to the ground as the EMTs unloaded the gurney from the ambulance. Winters filed this negligence action against defendant, the City of Detroit, which moved for summary disposition on the basis that it was immune from liability under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. Rather than analyzing Winters's claim under the GTLA, the trial court applied the emergency medical services act (EMSA), MCL 333.20901 *et seq*., and determined that Winters failed to establish gross negligence or willful misconduct as required to avoid summary disposition under the EMSA. Winters appeals by right the trial court's order granting the City's motion for summary disposition. Because the trial court erroneously applied the EMSA and Winters's complaint asserted a claim under the motor-vehicle exception to governmental immunity, MCL 691.1405, we reverse and remand for further proceedings.

## I. FACTS AND PROCEEDINGS

Because no discovery has yet occurred, little is known of the incident giving rise to this case. Winters filed this action alleging that he was strapped to an ambulance gurney for transport and fell to the ground during the "unloading process" because EMTs negligently failed to keep the

-1-

gurney in an upright position.[1]  In lieu of filing an answer to the complaint, the City moved for summary disposition under MCR 2.116(C)(7), arguing that Winters failed to state a claim in avoidance of governmental immunity.  The City also maintained that unloading a patient from an ambulance was not a factual scenario that gave rise to a claim under the motor-vehicle exception to governmental immunity, MCL 691.1405, because unloading a patient did not involve the operation of a motor vehicle.  Further, the City asserted that although Winters did not allege a claim under the EMSA, any such claim would fail because Winters did not suffer injury during medical treatment.

Winters opposed the City's motion, arguing that the motor-vehicle exception to governmental immunity applied.  Winters relied on caselaw recognizing that the operation of a motor vehicle under the no-fault act, MCL 500.3101 *et seq*., includes loading and unloading a vehicle.

The trial court granted the City's motion, determining that the proper avenue for relief was under the EMSA but Winters failed to establish gross negligence or willful misconduct as required under the EMSA.  Thereafter, the court denied Winters's motion for reconsideration.  This appeal followed.

## II.  STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition.  *Kilian v TCF Nat'l Bank*, 343 Mich App 621, 630; 997 NW2d 745 (2022).  Summary disposition under MCR 2.116(C)(7) is appropriate "if the plaintiff's claims are barred because of immunity granted by law."  *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008) (quotation marks and citation omitted).  We must view all well-pleaded allegations in the light most favorable to the nonmoving party unless contradicted by the documentary evidence.  *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 309; 901 NW2d 577 (2017).  In reviewing a motion under subrule (C)(7), we consider all pleadings, affidavits, and other documentary evidence that the parties submit and construe the evidence in favor of the nonmoving party.  *Anzaldua v Neogen Corp*, 292 Mich App 626, 629; 808 NW2d 804 (2011).  Absent a relevant factual dispute, whether subrule (C)(7) bars a plaintiff's claim is a question of law for the trial court to decide.  *Moraccini*

---

[1] Winters's attorney clarified during oral argument before this Court that Winters fell to the ground as the gurney was being unloaded from the ambulance with him on it, not as Winters was being removed from the gurney.  This is clear from Winters's allegations that the City breached its duty to, among other things, "ensure its employees safely unloaded patients from the ambulance" and "prevent patients from falling to the ground while strapped into a gurney."  It is also consistent with how both parties presented the alleged factual scenario to the trial court below.  The City's motion for summary disposition argued that "[h]ere, the City ambulance was allegedly unloading" Winters and that "[u]nloading a patient from an EMS vehicle does not support a claim within the motor vehicle exception to immunity, MCL 691.1405."  In response, Winters likewise explained that he "was negligently dropped while being actively unloaded from an ambulance," but argued that such allegations fell within the scope of the motor-vehicle exception.

*v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). If there exists a relevant factual dispute, summary disposition is inappropriate. *Id*.

### III. ANALYSIS

Winters first argues that the trial court erred by determining that the EMSA applied to his claim. The City agrees that the EMSA is inapplicable. In *Bartalsky v Osborn*, 337 Mich App 378, 381-382; 977 NW2d 574 (2021), the plaintiff suffered injuries when he fell to the ground after the stretcher on which he was lying tipped over as EMTs wheeled the stretcher in a parking lot. This Court held that "the mere transportation of a patient is not sufficient to meet the requirement that the act or omission causing the injury occur 'in the treatment of a patient' under MCL 333.20965(1)" of the EMSA. *Id*. at 381. *Bartalsky* is directly on point and precludes relief under the EMSA. Moreover, Winters did not seek relief under the EMSA. Accordingly, the trial court erred by applying the EMSA.

Winters correctly argues that the GTLA applies in the circumstances presented.[2] Absent an applicable exception, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). In the City's motion for summary disposition, it conceded that its fire department is responsible for providing emergency medical services and that the provision of such services is a governmental function. Winters maintains that the motor-vehicle exception to governmental immunity, MCL 691.1405, is applicable. Courts must narrowly construe exceptions to the GTLA. *Beals v Michigan*, 497 Mich 363, 370; 871 NW2d 5 (2015). The motor-vehicle exception to governmental immunity states, "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405.

To overcome governmental immunity and impose tort liability on a governmental agency, a plaintiff must plead their claim "in avoidance of governmental immunity." *Eplee v City of Lansing*, 327 Mich App 635, 644; 935 NW2d 104 (2019) (quotation marks and citation omitted). "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Mount Clemens Recreational*

---

[2] We reject the City's contention that Winters failed to preserve his argument regarding the motor-vehicle exception to governmental immunity for our review. Although Winters relied on caselaw involving the no-fault act rather than the GTLA, he argued in response to the City's motion for summary disposition that the "operation" of a motor vehicle included the loading and unloading of the vehicle and that the motor-vehicle exception to governmental immunity applied. Therefore, his argument is preserved for our review. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) ("To preserve an issue, the party asserting error must demonstrate that the issue was raised in the trial court."); *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020) ("[S]o long as the issue itself is not novel, a party is generally free to make a more sophisticated or fully developed argument on appeal than was made in the trial court.").

*Bowl, Inc v Dir of Dep't of Health & Human Servs*, 344 Mich App 227, 245; 998 NW2d 917 (2022) (quotation marks and citation omitted).

Winters's complaint stated a claim that fit within the motor-vehicle exception to governmental immunity. In *Chandler v Co of Muskegon*, 467 Mich 315, 319-322; 652 NW2d 224 (2002), our Supreme Court interpreted the word "operation" in the motor-vehicle exception, MCL 691.1405. The Court held that the word "refers to the ordinary use of the vehicle *as* a motor vehicle, namely, driving the vehicle" and determined that the plaintiff's injury did not "arise from the negligent operation of [a] bus as a motor vehicle" because the bus was parked at a maintenance facility for cleaning when the plaintiff's injury occurred. *Id*. at 316, 321-322. By contrast, the Court determined in *Martin v Rapid Inter-Urban Transit Partnership*, 480 Mich 936 (2007), that the "operation" of a shuttle bus included the loading and unloading of passengers, stating as follows:

> In this case, the plaintiff alleges that she slipped and fell down the steps of a shuttle bus owned and operated by the defendants as she was attempting to exit the bus. The loading and unloading of passengers is an action within the "operation" of a shuttle bus. Accordingly, the plaintiff has satisfied the exception to governmental immunity set forth in MCL 691.1405.

In addition, this Court held in *Strozier v Flint Community Schs*, 295 Mich App 82, 88; 811 NW2d 59 (2011), that the operation of a garbage truck included "temporary stops on the road to pick up garbage." This Court stated, "As it is impossible for a garbage truck to perform the function for which it was designed without periodically stopping to pick up garbage, we conclude that stopping to pick up garbage is necessarily included within the 'operation' of a garbage truck." *Id*. at 91.

In his complaint, Winters alleged that the City's EMTs strapped him onto a gurney for transport and negligently "failed to keep the gurney upright" which caused him to fall to the ground and sustain injury while the EMTs unloaded him from the ambulance. Winters also alleged that the City had a duty to ensure that its employees safely unload patients from an ambulance and that the City was liable for its own negligence, and that of the EMTs, because the City owned the ambulance. Winters cited the owner's liability statute, MCL 257.401. Winters's allegations were sufficient to plead in avoidance of governmental immunity because they stated a claim that fit within the motor-vehicle exception to governmental immunity. See *Mount Clemens Recreational Bowl*, 344 Mich App at 245. The motor-vehicle exception requires that the governmental agency owned the motor vehicle involved in the incident and that the plaintiff's injuries resulted from the negligent operation of the vehicle by the governmental agency's employees. Further, as in *Martin*, the loading and unloading of patients is an action within the operation of an ambulance. Indeed, similar to the garbage truck in *Strozier*, it is impossible for an ambulance to perform its intended function absent the loading and unloading of patients. Accordingly, because Winters's complaint stated a claim within the motor-vehicle exception to governmental immunity, the trial court erred by granting the City's motion for summary disposition.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani