*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WALTER WINTERS,

        Plaintiff-Appellant,

v

CITY OF DETROIT,

        Defendant-Appellee.

UNPUBLISHED
May 19, 2026
1:56 PM

No. 371690
Wayne Circuit Court
LC No. 21-014748-CZ

Before: RIORDAN, P.J., and GARRETT and MARIANI, JJ.

RIORDAN, P.J. (*concurring in part and dissenting in part*).

I agree with the majority that the trial court erred by applying the Emergency Medical Services Act (EMSA), MCL 333.20901 *et seq*., to this case and thereby requiring plaintiff to allege that defendant committed gross negligence or willful misconduct. However, I disagree with the majority that plaintiff successfully asserted a claim under the motor-vehicle exception to governmental immunity, MCL 691.1405. Therefore, I would affirm the trial court on the substance of the issues before us.

This case is about the alleged negligence of defendant's employees when moving plaintiff from an ambulance gurney, causing him injures. Plaintiff filed a negligence claim against defendant and its unidentified employees, making the following allegations:

> 3. Jurisdiction exists in this court because this lawsuit arises out of a fall which occurred while Walter Winters was being unloaded from an ambulance gurney in Wayne County, Michigan on June 7, 2020.

> * * *

> 6. On the aforesaid date, Plaintiff was being unloaded from an ambulance gurney when he was dropped onto his right side.

> * * *

-1-

8. At the time of the fall, City of Detroit's employees strapped Plaintiff to a gurney for transport and, during the unloading process, negligently failed to keep the gurney upright thereby causing Plaintiff to fall to the ground sustaining bodily injury.

No other documentary evidence was provided to the trial court to elaborate upon these allegations.

MCL 691.1407(1) states: "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." Plaintiff does not argue that defendant and its employees were not engaged in a governmental function. Instead, plaintiff argues that the motor-vehicle exception to governmental immunity applies to his claim. That exception provides that a governmental agency may be liable "for bodily injury . . . resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405. Because MCL 691.1407(1) presumes that a governmental agency is immune from liability, a plaintiff has the burden of showing that his or her claim falls within a statutory exception. *Mack v Detroit*, 467 Mich 186, 201; 649 NW2d 47 (2002). "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception[.]" *Id*. at 204.

The statutory term, "operation . . . of a motor vehicle[,]" MCL 691.1405, "refers to the ordinary use of the vehicle *as* a motor vehicle, namely, driving the vehicle." *Chandler v Muskegon Co*, 467 Mich 315, 321-322; 652 NW2d 224 (2002). Thus, to fall within the scope of the motor-vehicle exception, the plaintiff's claim must involve "activities that are directly associated with the driving of a motor vehicle." *Id*. at 321. Applying this standard, our Supreme Court concluded that the activity of maintaining a parked bus did not constitute the "operation . . . of a motor vehicle." *Id*. at 322. Similarly, in *Poppen v Tovey*, 256 Mich App 351, 352-353; 664 NW2d 269 (2003), the plaintiff was injured when his car collided with a city water truck, which was stopped to inspect a fire hydrant. This Court concluded that summary disposition for the city was appropriate because the water truck's stopped "presence on the road was no longer directly associated with the driving of that vehicle." *Id*. at 355-356 (quotation marks and citation omitted).

Conversely, this Court held that the motor-vehicle exception applied to a collision between a school bus and a garbage truck. *Strozier v Flint Community Schs*, 295 Mich App 82, 91; 811 NW2d 59 (2011). When the accident occurred, the garbage truck was making "brief, temporary stops . . . to allow [the defendant's employee] to collect the garbage . . . ." *Id*. at 84. This Court reasoned that "[a]s it is impossible for a garbage truck to perform the function for which it was designed without periodically stopping to pick up garbage, we conclude that stopping to pick up garbage is necessarily included within the 'operation' of a garbage truck. *Id*. at 91. In a somewhat similar case, the plaintiff slipped and fell down the steps of a shuttle bus as she was attempting to exit the bus, and our Supreme Court held that the motor-vehicle exception applied because "[t]he loading and unloading of passengers is an action within the 'operation' of a shuttle bus." *Martin v Rapid Inter-Urban Transit Partnership*, 480 Mich 936, 936 (2007).

As stated above, a plaintiff has the burden of pleading facts that demonstrate a statutory exception to governmental immunity applies to his or her claim. *Mack*, 467 Mich at 201. In light

of that principle, plaintiff's bare-bones complaint did not demonstrate that the motor-vehicle exception applies to his claim. Plaintiff alleged that he "was being unloaded from an ambulance gurney" when defendant's employees "negligently failed to keep the gurney upright thereby causing Plaintiff to fall to the ground . . . ." Without more, these allegations do not sufficiently show that plaintiff's injury resulted from the negligent operation of a motor vehicle. Plaintiff pleaded no facts regarding the ambulance's operation before and during the accident. Indeed, it is unclear from the complaint whether plaintiff suffered injury while the gurney was being transported from the ambulance to the ground, or whether plaintiff suffered injury while the gurney was already on the ground.[1] Here, it is absolutely unclear from the complaint whether plaintiff had already been unloaded from the ambulance itself. Therefore, because plaintiff does not allege in his complaint that his injury resulted from the operation of the ambulance, or activities directly associated with its operation, he does not show that the motor-vehicle exception applies to his claim.

Thus, defendant is immune from his negligence claim under MCL 691.1407(1), and summary disposition was appropriate on this basis.

For these reasons, I would affirm the trial court.

/s/ Michael J. Riordan

---

[1] While plaintiff's counsel favorably represented during oral argument that plaintiff fell to the ground as the gurney was being unloaded from the ambulance, the question before us involves application of MCR 2.116(C)(7), which requires us to accept "[t]he contents of the complaint . . . as true unless contradicted by documentation submitted by the movant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Thus, we are limited to assessing the allegations reflected in the complaint, as well as any other documentary evidence submitted to the trial court and cannot consider plaintiff's counsel's naked assertions offered during oral argument. See *id*. Here, neither party submitted other documentary evidence to the trial court.

Moreover, the actual allegations in the complaint are more consistent with a scenario involving plaintiff falling to the ground after the gurney was unloaded from the ambulance, not while the gurney was being unloaded from the ambulance. In particular, ¶ 3 states that the fall occurred "while [plaintiff] was being unloaded from an ambulance gurney," and ¶ 6 states that "Plaintiff was being unloaded from an ambulance gurney when he was dropped . . . ."